### 61796. SEARCY v. THE STATE.

McMURRAY, Presiding Judge.
Defendant was convicted of the kidnapping and rape of his eleven-year-old niece. He was sentenced to concurrent terms of twenty years and life imprisonment respectively. Defendant appeals on the general grounds, but essentially argues only that the evidence presented did not support the verdicts rendered. *Held:*

1. The victim testified that she was forcibly and involuntarily taken from the home in which she was sleeping and raped on two occasions by defendant. Her testimony was corroborated by that of law enforcement officers and that of the woman with whom she had been staying and was further supported by testimony of a serological expert from the state crime laboratory. Defendant interposed an alibi defense which was supported by the testimony of several witnesses.

"Resolution of the conflicting testimony is for the jurors, as triers of fact, and who were able to gauge the demeanor of the witnesses upon the witness stand during the trial so as to resolve the irreconcilable conflict between the evidence presented by the state's witnesses and that presented by the defendant's witnesses." *Beckum v. State,* 156 Ga. App. 484, 485 (1) (274 SE2d 829).

2. Defendant argues, however, that the examining physician's

testimony that he found only a very small swelling around the victim's vagina and a superficial tear of the lower end of the vagina in an area considered to be the external part of the female genitalia demonstrates that there was no sexual penetration to support a conviction of rape. Code Ann. § 26-2001 (Ga. L. 1968, pp. 1249, 1299; 1978, p. 3). In light of the victim's testimony that defendant forcibly and against her will inserted his penis into her female organ and further given that seminal fluid was found in the victim's vaginal area, we are not persuaded by defendant's argument there was no evidence of penetration. Vaginal trauma and physical injury are not necessarily a constituent element of the criminal offense of rape. *Neal v. State,* 152 Ga. App. 395, 396-397 (1) (263 SE2d 185).

After a careful review of the entire record and transcript we are of the opinion that the trial court did not err in denying the motion for new trial based on the general grounds as the evidence was sufficient to support the verdicts of guilty of the offenses of kidnapping and of rape. *Allen v. State,* 150 Ga. App. 109, 111 (4) (257 SE2d 5); *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628); *Bill v. State,* 153 Ga. App. 131, 134 (3) (264 SE2d 582).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED APRIL 21, 1981.

*Edgar A. Fry,* for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, Paschal A. English, J. David Fowler, Assistant District Attorneys,* for appellee.