### 45819. HORTON v. THE STATE.
(371 SE2d 384)

CLARKE, Presiding Justice.

Beverly Horton was convicted of the felony murder of Hosea Hillman and sentenced to life imprisonment. [1] Appellant and the victim, her boyfriend, had a stormy relationship for approximately six years. She testified that he had beaten her several times, and there was evidence that on more than one occasion she was arrested by police called to break up their quarrel. On Christmas Eve night 1986, the appellant and the victim began to argue early in the evening over a Christmas gift. Witnesses testified that they both threatened the other during the night, but they left a party after midnight together, apparently reconciled. Appellant testified that the victim insisted that she go home with him and that when she resisted he pulled a knife. She ran and was cornered by him and pulled her own knife to defend herself. She stabbed the victim and then ran for help. His brother found one knife on the ground and turned it over to police. A second knife was found the following day.

At trial there was testimony by various friends and relatives about the relationship between the pair and about the events of the night the victim was killed. There were no eyewitnesses to the stabbing. Police officers who took appellant's statement testified as to her demeanor following the crime. One of these officers was allowed to testify that a cut on her hand appeared to be healing. The jury found appellant guilty of felony murder, the underlying felony being aggravated assault.

1. There was sufficient evidence to enable a rational finder of fact to find proof of appellant's guilt beyond a reasonable doubt under the standard of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant contends that the trial court impermissibly restricted her right of cross-examination of witnesses by not allowing impeachment of witnesses by their criminal records during the state's

---

[1] The crime was committed on December 25, 1986. Appellant was tried and found guilty of felony murder by a jury on August 7, 1987. She was sentenced to life imprisonment August 11, 1987. An amended motion for new trial was denied February 16, 1988, and a notice of appeal filed March 14, 1988. The court reporter's transcript was certified by the clerk of the Superior Court of Newton County on May 5, 1988. The case was docketed in the Court of Appeals and transferred to this court May 16, 1988. The case was submitted for decision July 1, 1988.

case. However, since appellant was allowed to fully explore the criminal records of these witnesses during the presentation of the case for the defense, there was no harm shown.

3. Appellant complains that the trial court did not suppress her statement to police. Appellant insists that her statement was not voluntary because she was under the influence of alcohol and emotionally upset. The officers testified that while they detected the odor of alcohol about her she was coherent and did not seem intoxicated. This court has held that intoxication does not always preclude an individual's making a knowledgeable waiver of his rights. *Strickland v. State*, 250 Ga. 624 (300 SE2d 156) (1983). The evidence presented at the Jackson-Denno hearing indicates that appellant was not prevented by her intoxication from knowingly waiving her rights and giving a voluntary statement. At the Jackson-Denno hearing the interrogating officers testified that during the interview, which occurred in a records room at the police station and lasted only twenty-two minutes, appellant was calm rather than emotionally upset, understood her rights, and gave her statement knowingly and voluntarily.

Appellant contends that the fact that officers did not inform her that she would be charged with murder until after the interrogation renders her statement involuntary. As long as appellant was made aware of her right to remain silent and her right to an attorney, the fact that she was not aware of the charge that would be brought against her does not render her statement involuntary.

4. In her fourth enumeration of error appellant insists that the court erred in allowing a police officer to testify that a cut on her hand appeared to be an old cut. Her complaint is that the witness was not an expert but was a lay person. However, her objection to the testimony at trial was that the witness was invading the province of the jury in giving opinion evidence as to facts within the comprehension of the jury. Even if a proper objection had been made to the testimony by a lay witness, we find that testimony that the wound appeared to be healing because it had dry skin around it and was hard in appearance provided sufficient foundation for the opinion of the witness that the wound was not a recent wound. The evidence given involves the kind of information which is within the common knowledge and experience of men. OCGA § 24-9-65. Further, the testimony did not invade the province of the jury since the jury could not judge the condition of the wound from a photograph as accurately as the officer who observed it a few hours after the time it was allegedly inflicted.

5. Appellant's complaint that the trial court erred in failing to direct acquittal on the charge of malice murder is without merit. Appellant was found guilty of felony murder and, by implication, found not guilty of malice murder. Appellant has not shown that she was

prejudiced by the court's refusal to direct an acquittal on the malice murder charge.

6. The sixth enumeration of error is that the trial court erred in limiting the impact of the cross-examination of a witness who had charges pending against him by the district attorney. Appellant's complaint is that the court sua sponte charged that the state must always reveal any deal which it has with a witness. Appellant insists that this charge lessened the impact of his cross-examination. There was no error in this charge, which was accurate and did not prejudice appellant. Further, the court did not err in excusing the jury and reprimanding defense counsel for continuing to question the witness as to the reasons for postponement of his trial.

7. Appellant complains that the court refused to give her requested charge of involuntary manslaughter for the commission of a lawful act (self-defense) in an unlawful manner. A charge of involuntary manslaughter is never required when the defendant relies upon the defense of self-defense. *Saylors v. State*, 251 Ga. 735 (309 SE2d 796) (1983).

8. Appellant contends that the court erred in refusing to give a requested charge on voluntary intoxication. Voluntary intoxication is not a defense to a crime unless such intoxication has resulted in the alteration of brain function so as to negate intent. Even then, the brain function alteration must be more than temporary. The trial court did not err in refusing to give the appellant's requested charge on voluntary intoxication since she did not carry her burden of showing that her intoxication negated intent to commit the aggravated assault which was the underlying felony in the charge of felony murder.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 7, 1988.

*Strauss & Walker, C. Michael Walker,* for appellant.

*John M. Ott,* District Attorney, *Michael J. Bowers,* Attorney General, *Susan V. Boleyn,* Senior Assistant Attorney General, for appellee.