A92A1712. HUMPHREY v. THE STATE.
(428 SE2d 362)

BIRDSONG, Presiding Judge.

Charles Gary Humphrey was convicted of rape and burglary. He was sentenced to fifteen years with seven years to serve concurrently on each count, and appeals.

The prosecutrix and Humphrey were married, but living separately at the time the alleged offenses were committed and when the case was tried. The prosecutrix was asleep alone in the home of her grandparents in the early morning hours of August 25, 1990, when appellant broke in by removing a skylight. She testified that he was holding her grandfather's shotgun when he awoke her, and that he bound her hands behind her back with a necktie, removed her clothes and raped her. Appellant admitted that he broke into the house, but claimed he did so only because there had been a recent burglary and

he was worried for his wife's safety when he could not reach her by telephone and she did not respond to his knocking at the door or ringing the doorbell. He denied raping her and testified that they talked for awhile then started having consensual sexual intercourse, which was discontinued when she called him by another man's name and an argument ensued. After appellant called his mother, the prosecutrix got on the telephone and told her that appellant had broken into the house, but said nothing about being raped. The prosecutrix said she managed to get her hands free and ran to the bathroom where she locked herself in and called the police, while appellant attempted to kick in the door. Appellant claimed he retrieved the shotgun at that time, wrote a suicide note and was leaving the residence when he heard a door slam and returned to find the victim in the bathroom on the phone. Appellant surrendered to the police while they were interviewing the prosecutrix in the kitchen about 15 minutes later.

At trial appellant sought to introduce evidence of false claims previously made by the prosecutrix that she had been raped by other men. After the jury was removed, defense counsel made an offer of proof through the testimony of three witnesses to whom the false accusations had been made. The prosecutrix was also examined and denied making any such claims. The trial court refused to allow the evidence on the ground it was prohibited by the "Rape Shield Statute" (OCGA § 24-2-3).

The prosecutrix had moved out of her grandparents' home and was living in the house of a friend during the trial. This woman, who was unknown to defense counsel because the prosecutrix had not revealed her correct address while living there, contacted appellant's attorney about a week after he was convicted in February 1991 and told him that she had met the prosecutrix at work and agreed to let her move in with her after appellant was incarcerated. She testified that in September 1990, while they were working together one night, she asked the prosecutrix to tell her what had happened and why her husband was in jail. The prosecutrix related a series of events very different from what she reported to the police and testified to in court, but quite similar to appellant's testimony. She told the roommate that after appellant broke into the house they talked for awhile about their relationship and ended up in bed having sex; but that "in the middle of it, she got angry and she said she changed her mind, she said it wasn't right, that's not what she wanted to do." She told appellant to stop but he could not or would not do so; she then got him off of her and ran into the bathroom to call the police. Throughout the trial the prosecutrix was using drugs and lying to her, and the roommate finally forced her to move out. A dispute over money culminated with the prosecutrix taking out a warrant against the wit-

ness.

Appellant's motion for a new trial based upon this newly discovered evidence and the trial court's refusal to allow evidence of the false claims of rape made by the prosecutrix was denied, and this appeal was brought. *Held*:

1. Appellant complains that his motion for new trial should have been granted on the basis of the newly acquired evidence as the roommate's submitted testimony established five of the six necessary requirements set forth in *Timberlake v. State*, 246 Ga. 488 (271 SE2d 792), the sole issue being whether the only effect of the evidence would be to impeach the credibility of a witness. He argues that because the newly discovered evidence consisted of prior statements of the prosecutrix which materially related to whether she had been raped, if the roommate's testimony had been available at trial no jury would have convicted him of rape and the resulting felony which created a burglary out of a misdemeanor trespass. The State insists that the roommate came forward with her information only after her dispute with the victim; that her testimony was merely cumulative of evidence previously presented at trial through appellant's testimony; and that the sole function of her testimony was to impeach the credit of the victim, "a purpose not permitted under *Timberlake*." *Merka v. State*, 201 Ga. App. 471, 472 (2) (411 SE2d 357).

"It is well established that in order to be granted a new trial on the basis of newly discovered evidence, a defendant must show, among other things, that the evidence is so material that it would probably produce a different verdict, that it is not cumulative only, and that it will have an effect other than to impeach the credit of a witness. [Cits.]" *Hall v. State*, 204 Ga. App. 469, 473 (6) (419 SE2d 503).

" 'Evidence is not merely cumulative, though it may have some bearing upon the main issue in controversy, if it relates to new, distinct, and material facts about which no witness testified at the trial. [Cit.]' [Cit.] 'It is only when newly discovered evidence either relates to a particular material issue concerning which no witness has previously testified, or of a higher and different grade from that previously had on the same material point, that it will ordinarily be taken outside the definition of cumulative evidence, and afford basis for a new trial. . . . But, as an exception to this rule, it is recognized that where the new evidence, though it be of the same or even inferior grade, tends not merely to strengthen the correctness of the contention on the particular material issue previously sought to be established, but such new proved fact or circumstance, if believed, would in and of itself establish or disprove the controlling point in controversy, or would establish or disprove it by supplying a link or gap missing in the previous testimony, it will afford basis for a new trial.' [Cit.]" *Bell*

*v. State*, 227 Ga. 800, 806-807 (3) (183 SE2d 357).

Our study of the case law leads us to conclude that the testimony concerning these statements by the complaining witness would be admissible, not merely to impeach the witness' credibility, but as substantive evidence tending to establish that there had been no rape, as she had at first engaged in sexual intercourse consensually with appellant although subsequently changing her mind while the act was in progress and had gotten him off of her. "As such, this evidence goes beyond mere impeachment and affirmatively supports the defense claim of consent and fabrication of the rape. [Cit.]" *In the Interest of J. F. F.*, 177 Ga. App. 816, 818-819 (1) (341 SE2d 465). Accord *Banks v. State*, 235 Ga. 121 (218 SE2d 851); *Bell*, supra; *Lee v. State*, 146 Ga. App. 189 (3) (245 SE2d 878). Further, "testimony from the later-discovered witness was apparently not cumulative, even though it was substantially the same as the defendant's own testimony, because it provided support for the defendant's theory, support which otherwise was completely lacking in the case." Id. at 193; *Banks*, supra.

In regard to whether this evidence meets the criterion of being so material it would probably produce a different verdict, it has been recognized "that this cannot be reduced to a mathematical probability, since the jurors are the ultimate judges of the credibility of witnesses and no prognostication of their reaction to such evidence can be completely accurately made." *Bell*, supra at 807. Compare *In the Interest of J. F. F.*, supra at 819. However, in refusing to grant a new trial, " '[t]he court has seemingly passed upon the credibility of the [roommate] and has said, in effect, that a jury could not believe [her] as a matter of law. We believe the court abused its discretion when it denied [appellant's] motion for a new trial. [Cit.]' " *Bell*, supra at 809.

2. Appellant also contends that the evidence concerning the prior rape claims made by the prosecutrix was not barred by the Rape Shield Statute, and we agree. While OCGA § 24-2-3 precludes introduction of the victim's past sexual behavior, "a prior rape committed against the victim has nothing whatsoever to do with *her* past sexual behavior." *Raines v. State*, 191 Ga. App. 743, 745 (2) (382 SE2d 738). In *Smith v. State*, 259 Ga. 135, 137 (1) (377 SE2d 158), the Supreme Court adopted the rule "that evidence of prior false accusations is admissible to attack the credibility of the prosecutrix *and* as substantive evidence tending to prove that the instant offense did not occur. [Cits.]" (Emphasis supplied.) The court further established in *Smith* that "before such evidence can be admitted, the trial court must make a 'threshold determination (outside the presence of the jury) that a reasonable probability of falsity exists. (Cites omitted.)' [Cit.] This rule helps protect the prosecutrix from unfounded allegations that she has made similar allegations in the past, and we hereby

adopt it for future cases in this state." Id. at 137-138; compare *Postell v. State*, 200 Ga. App. 208, 211 (4) (407 SE2d 412).

"A reasonable probability is 'a probability sufficient to undermine confidence in the outcome.' [Cits.]" *Ellison v. State*, 198 Ga. App. 75, 76 (1) (400 SE2d 360). Since appellant contended that no rape occurred, any evidence showing a "reasonable probability" that the prosecutrix had made other false accusations would certainly be the strongest defense available to him; thus it cannot be said that the failure to adhere to the *Smith* rule was harmless error. Nor can we say from the evidence proffered that no reasonable probability of false allegations existed as a matter of law.

The trial court's rejection of this evidence without holding a hearing on the reasonable probability of falsity is an error which can be cured by a post-trial hearing in the trial court where, on the basis of evidence introduced at such hearing, the trial judge may determine that a reasonable probability of falsity exists so as to render the victim's prior false accusations against others admissible as impeaching and substantive evidence, and order a new trial. *Shelton v. State*, 196 Ga. App. 163, 164 (4) (395 SE2d 618). Since we have already ruled that a new trial must be granted, we direct the trial court to hold a hearing to determine under the proper standards whether the evidence of the prior rape claims made by the prosecutrix will be admissible on retrial.

3. Appellant contends that the trial court erred in refusing to give his written requests to charge on the lesser included offenses of battery and simple battery because he and the prosecutrix gave conflicting versions of how the sexual intercourse occurred, and his pretrial statement to the police would have supported such jury instructions. However, the trial testimony showed that there was either a rape, or there was consensual sexual intercourse between a reconciliation-seeking husband and wife which was interrupted when they changed their minds. Simple battery, as defined by OCGA § 16-5-23 (a) (1) and (2), is committed when a person either intentionally makes physical contact of an insulting or provoking nature with the person of another, or intentionally causes harm to another. "A person commits the offense of battery when he intentionally causes substantial physical harm or visible bodily harm to another." OCGA § 16-5-23.1 (a). There was no evidence of any such harm to the prosecutrix other than as a component of the rape. " 'Where all of the evidence shows either the completed offense as charged, or no offense, such evidence will not support a verdict for one of the lesser grades of the offense, and the court should not charge on the lesser grades of the offense.' [Cit.]" *Hardy v. State*, 159 Ga. App. 854, 859 (285 SE2d 547).

*Judgment reversed with direction. Beasley and Andrews, JJ., concur.*

DECIDED JANUARY 29, 1993 —
RECONSIDERATION DENIED FEBRUARY 24, 1993 —

*Carlton C. Carter*, for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Irvan A. Pearlberg, Assistant District Attorneys*, for appellee.