A94A1165. DEAN v. THE STATE.
(449 SE2d 622)

RUFFIN, Judge.

The appellant, Michael Dean, was convicted of rape involving a 15-year-old friend of his daughter. He was sentenced to serve ten years in prison, followed by ten years' probation, and this appeal followed.

On July 26, 1993, the victim attended a cookout with the appellant and his family, and afterwards went home with them to spend the night. The victim and the appellant's daughter shared a bedroom and soon after they went to bed, the appellant entered the room and lay down between them on top of the bed. Eventually, all three got up and watched television for a while in the living room.

Later, the two girls returned to their bedroom, and the victim went to sleep but was awakened when the appellant again entered the bedroom and got in the bed with them. The victim went back to sleep, but awoke later to find the appellant on top of her having sexual intercourse. The appellant was interrupted when his daughter woke up, and he rolled over and pretended to be asleep. The victim denied encouraging or consenting to the sexual intercourse.

The victim and the appellant's daughter then fled the house and called the appellant's daughter's mother, who picked them up and transported them to a local hospital. An emergency room physician's examination of the victim revealed no evidence of trauma or semen and essentially was inconclusive as to whether the victim had had sexual intercourse. A forensic chemist with the State Crime lab, however, detected seminal fluid on the victim's underwear and short pants.

At trial, the appellant admitted having sexual intercourse with the victim on the occasion in question. However, he claimed that she had consented to the act.

1. The appellant contends that the trial court erred in refusing to give his requested jury charges on the lesser included offenses of battery, simple battery, and sexual battery. However, where the evidence

shows either the complete offense as charged or no offense at all, the trial court should not instruct the jury on lesser included offenses. *Humphrey v. State*, 207 Ga. App. 472 (3) (428 SE2d 362) (1993). In the instant case, inasmuch as the state's evidence showed only the completed rape and the appellant's evidence showed no offense at all, the trial court properly declined to give the requested jury charges on the lesser grades of the charged offense.

2. At trial, the appellant's daughter and the victim testified that the appellant drank beer and allowed them to share a beer at the cookout. The two girls further recalled that some people possessed marijuana at the party, but they denied smoking or seeing the appellant smoke any marijuana. The appellant contends that the trial court erred in allowing the victim and his daughter to testify about the presence of marijuana at the cookout, on the grounds that the evidence was irrelevant and placed his character in issue. However, there having been no indication or even a suggestion that the appellant participated in that use of marijuana, any error in the admission of this evidence was harmless. *Favors v. State*, 180 Ga. App. 897 (2) (351 SE2d 103) (1986).

3. The appellant next contends that the trial court erred in denying his motion for mistrial when the jury announced that it could not reach a unanimous verdict. The jury informed the trial court about its deadlock after deliberating approximately two-and-one-half hours, which the trial court considered to be an insufficient amount of time in which to conclude that the jury could not reach a unanimous verdict. Under these circumstances, the trial court did not abuse its discretion in refusing to declare a mistrial. See *Watson v. State*, 178 Ga. App. 778 (7) (344 SE2d 667) (1986).

4. The appellant also contends that the evidence was insufficient to support his conviction. However, viewed in the light most favorable to the verdict, the evidence authorized a rational trier of fact to find the appellant guilty beyond a reasonable doubt of rape as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 4, 1994 —
RECONSIDERATION DENIED OCTOBER 24, 1994.

*Karen S. Wilkes*, for appellant.
*Stephen F. Lanier, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.