A96A1452. PATTERSON v. THE STATE.
(473 SE2d 255)

McMURRAY, Presiding Judge.

Defendant was charged in an indictment with one count of aggravated child molestation, two counts of incest, and four counts of child molestation, for acts committed against his two minor daughters, Y. R. and A. P., and also a minor niece, M. L. The jury acquitted him of aggravated child molestation and one count of child molestation, but found him guilty of two counts of incest and three counts of child molestation. Two of those three counts of child molestation were merged with the two counts of incest. Defendant filed this direct appeal from the judgment and sentence. *Held*:

1. Defendant first enumerates the refusal of the trial court to give the following written request to charge: "The fact that one or

more of the witnesses in this case is a child should not . . . bring any more weight or credit to her or their testimony. In other words, the fact that a witness is a child does not make her or their testimony any more truthful than that of the defendant or anyone else testifying in this matter."

"Notwithstanding the provisions of subsection (a) of [OCGA § 24-9-5], . . . in criminal cases involving child molestation, and in all other criminal cases in which a child was a victim of or a witness to any crime, any such child shall be competent to testify, and his credibility shall be determined as provided in Article 4 of this chapter[, OCGA §§ 24-9-80 through 24-9-85]." OCGA § 24-9-5 (b). Pursuant to OCGA § 24-9-80, the credibility of any witness is a matter to be determined by the jury under proper instructions from the court. Whether the circumstance that a witness is a child makes that child's testimony more truthful than that of the defendant is strictly a matter of credibility for the jury to determine, taking into consideration all other appropriate factors. See *McIlwain v. State*, 264 Ga. 382, 383 (3) (445 SE2d 261) and *Frasier v. State*, 143 Ga. 322 (5) (85 SE 124). In our view, defendant's request is not an accurate statement of the law and is argumentative, in that it erroneously charges that the credibility of each witness is the same in the eyes of the law. The correct proposition is that the *rules* for determining the credibility or believability of all the witnesses are the same. See *Thomas v. State*, 217 Ga. App. 720 (1), 721 (458 SE2d 897). The trial court did not err in refusing to give this instruction.

2. Defendant enumerates the general grounds with respect to the two counts of incest. He correctly notes that A. P. herself never testified from the stand that defendant committed an act of incestuous intercourse. Nevertheless, adults to whom A. P. made such accusations related those events to the jury. Jan Wilkov, M.D., performed a physical examination of both A. P. and Y. R. Dr. Wilkov testified that, during that examination, "she [A. P.] said, quote, [defendant] touched my private area, finger and penis were inside, end quote." Y. R. testified that defendant "put his private part inside of me." Y. R. also told Dr. Wilkov "quote, he [defendant] touched my private part with his private part. [Dr. Wilkov] asked her what it felt like. Quote, bad. It went inside." The physical examination indicated that Y. R. "was penetrated with a reasonable degree of medical certainty, . . . because of what she told [Dr. Wilkov] and because of the physical findings that go right along with that." This evidence was sufficient, under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), to authorize the jury's verdicts that defendant committed the offense of incest with A. P. as alleged in Count 2 of the indictment and with Y. R. as alleged in Count 3 and the offense of child molestation as alleged in Count 6. *Patterson v. State*, 212 Ga. App.

257 (1) (441 SE2d 414). See also *Dent v. State*, 220 Ga. App. 147 (1) (469 SE2d 311). The enumeration of the general grounds is without merit.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED JULY 9, 1996.

*Carla J. Friend*, for appellant.

*J. Tom Morgan, District Attorney, Lee A. Mangone, Barbara B. Conroy, Assistant District Attorneys*, for appellee.