## A97A0379. PETERS v. THE STATE.
(481 SE2d 898)

BLACKBURN, Judge.

Joseph R. Peters appeals his conviction of two counts of child molestation. On appeal, Peters contends that the trial court erred in several evidentiary rulings, that the verdict is contrary to the evidence, and that his trial counsel was ineffective.

The evidence viewed in the light most favorable to the verdict indicates that while the ten-year-old victim attended a sleep-over party at Cheryl Fincher's home, Peters molested her. The victim testified that she was sleeping on the living room floor by the couch when Peters twice put her hand on his "private part" and moved it up and down. She testified that his "private part" was soft. After she removed her hand, he fell from the couch onto the floor beside her, with his "private part" in her face. The victim testified that Peters then rubbed up and down on her leg and private part with his hand. The victim moved to the other side of the room and nothing further occurred. The next morning, the victim told her friend who had also been sleeping on the living room floor. The victim also told Cheryl Fincher's mother, Brenda Fincher. Brenda Fincher told the victim not to tell her mother. After she got home, the victim told her mother what had happened, and her mother called the police.

Detective Lee testified that the victim told him what had happened. The victim's statement was consistent with what she told her mother and another officer. Detective Lee testified that Brenda Fincher stated she did not know whether to believe the victim. Detective Lee further testified that he talked with Peters, who was intoxicated, and Peters vehemently denied the allegations. Peters also told Detective Lee that due to a medical condition it was impossible for him to achieve an erection.

Sergeant Hart testified that the victim's statement to him was consistent with her previous statements. He further testified that Peters denied the allegations, and stated that even had he done the acts, he would deny them. Peters denied being intoxicated when he talked to Detective Lee. Peters testified that he did not molest the victim. He admitted that he drank beer until he was drunk. He testified that he did not even know the girls slept in the same room with him until the next morning. Additionally, Peters testified that even if he had committed the alleged acts of molestation he would not admit it to the jury.

1. By two enumerations of error, Peters questions the sufficiency of the evidence; first, on general grounds, and second specifically regarding lack of evidence of intent. Peters' challenge in both regards fails.

As an appellate court, we determine only sufficiency of the evidence, and we do not "weigh the evidence or determine witness credibility. The jury is the arbiter of all conflicts in the evidence, and having resolved such issues against the defendant, if there is evidence to support the verdict, the trial court does not err in rendering final judgment on the verdict." (Citations and punctuation omitted.) *Platt v. State*, 211 Ga. App. 721, 722 (440 SE2d 495) (1994). See also *Patterson v. State*, 222 Ga. App. 166, 167 (473 SE2d 255) (1996) (rules for determining witness credibility same for child witnesses). Having viewed the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found Peters guilty of two counts of child molestation beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Peters contends that the State failed to prove intent, arguing that his voluntary intoxication precluded him from forming the requisite intent. "To establish a voluntary intoxication defense, [Peters] would have had to show that the intoxication had 'resulted in the alteration of brain function so as to negate intent. Even then, the brain function alteration must be more than temporary.' *Horton v. State*, 258 Ga. 489, 491 (371 SE2d 384) (1988)." *Bright v. State*, 265 Ga. 265, 273 (455 SE2d 37) (1995). Although the evidence indicates that Peters had been drinking on the night of the incident and even perhaps that he was drunk, no evidence sufficient to support a voluntary intoxication defense was presented. This enumeration is without merit.

2. Peters asserts that the trial court erred in allowing the victim's mother in the courtroom during the victim's testimony, in violation of the rule of sequestration.

The rule of sequestration is expressed in OCGA § 24-9-61 which "plainly allows latitude in its application. . . . [T]he trial court is vested with the discretion to make exceptions to this rule; and unless the discretion is abused, the decision will not be reversed on appeal." *Chastain v. State*, 255 Ga. 723, 724 (342 SE2d 678) (1986).

In the present case, the victim became upset while testifying. The State requested that the victim be excused as a witness so that the victim's mother could testify and then remain in the courtroom while the victim finished her testimony. However, Peters objected to interrupting the victim's testimony. Therefore, the trial court exercised its discretion and allowed the victim's mother in the courtroom during the victim's testimony. The trial court also gave a cautionary instruction to the jury regarding the mother's testimony. Under these

circumstances, we find no abuse of discretion.

3. Peters contends his trial counsel was ineffective because he did not investigate prior molestation charges brought by the victim. The record on appeal does not contain a transcript of the motion for new trial hearing. Therefore, "we must presume that [Peters] failed to meet his burden of proving the ineffectiveness of his trial counsel." *Sorrells v. State*, 267 Ga. 236, 241 (476 SE2d 571) (1996).

4. By two enumerations of error, Peters contends the trial court erred in limiting his cross-examination of the victim. First, Peters contends the trial court erred in denying him the opportunity to cross-examine the victim about her prior allegedly false allegations of molestation made against other men. Second, Peters contends the trial court erred in failing to allow him to cross-examine the victim regarding her distrust of men. This issue is related to the court's ruling regarding evidence of prior false allegations, because the questions asked by Peters' counsel were designed to elicit such information.

In *Smith v. State*, 259 Ga. 135, 137 (377 SE2d 158) (1989), the Supreme Court of Georgia determined that OCGA § 24-2-3, the rape-shield law, "does not prohibit testimony of previous false allegations by the victim." However, the court held that "the trial court must make a threshold determination (outside the presence of the jury) that a reasonable probability of falsity exists." (Punctuation omitted.) Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." (Punctuation omitted.) *Humphrey v. State*, 207 Ga. App. 472, 476 (428 SE2d 362) (1993). In *Humphrey*, we determined that the trial court's rejection of evidence of a previous false molestation allegation by the victim was erroneous without holding a hearing "on the reasonable probability of falsity." Id.

In the present case, the trial court did not allow the cross-examination because Peters failed to offer any evidence that the prior allegations were false. The trial court stated that a hearing would not be conducted because no motion was filed and there had not been a "threshold showing" that the previous molestation allegations were false.

Peters was not required to make a threshold showing before he was entitled to a hearing. A hearing is required so that the court can determine from the evidence presented therein whether or not a reasonable probability of falsity exists. Id. See also *Smith*, supra. As Peters was entitled to a hearing on this issue, we remand the case and direct the trial court to conduct a hearing to determine if the evidence was admissible under the proper standard. If the trial court determines that the evidence was admissible, Peters is entitled to a new trial; however, if the trial court determines that the evidence was not admissible, a new trial is not necessary, and Peters' convic-

tion is affirmed. Peters is granted leave to file a new appeal within 30 days of a trial court's decision adverse to Peters on this issue. See *Shelton v. State*, 196 Ga. App. 163, 164 (4) (395 SE2d 618) (1990).

*Judgment affirmed on condition, otherwise reversed. Pope, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 25, 1997.

*Carolyn E. Moller*, for appellant.

*J. Gray Conger, District Attorney, Alonza Whitaker, Mark A. Casto, Assistant District Attorneys*, for appellee.