## A97A2015. COUCH v. THE STATE.
### (493 SE2d 577)

RUFFIN, Judge.

A jury found Terry Lee Couch guilty of aggravated battery, aggravated assault and possession of a firearm during the commission of a crime. Couch appealed, claiming that the trial court erred in refusing to grant his motion for new trial and in failing to charge the jury on voluntary intoxication. We affirm.

Viewed in a light most favorable to support the jury's determination of guilt, the evidence at trial reveals that on October 3, 1995, Couch and a friend, Jimmy Coe, each consumed a 12-pack of beer. That evening, while still intoxicated, Couch and Coe went to the home of Terry Brown, Couch's friend at the time. Brown invited them in and Couch, who was acting mad and agitated, repeatedly asked Brown why Brown had not come to see him lately. Couch then went into a bathroom. When he returned, he told Brown, "I'm going to kill you." Couch took a gun from his pocket, pointed it at Brown and pulled the trigger. The gun did not fire, so Couch cocked the gun and pulled the trigger a second time. The gun fired, hitting and wounding Brown in his midsection. As Brown lay on the floor, Couch stood over him and said, "I hope you die, mother f____." At trial, Couch claimed to remember nothing of the events that transpired at Brown's home.

1. On appeal, Couch claims that he was entitled to a new trial because his voluntary intoxication caused him to suffer "more than a temporary alteration of brain function which negated his malicious intent to commit the crimes in question." See *Horton v. State*, 258 Ga. 489 (8) (371 SE2d 384) (1988). While the evidence shows that Couch was drinking prior to the incident and perhaps even intoxicated, there was insufficient evidence to support a voluntary intoxication defense. See *Peters v. State*, 224 Ga. App. 837 (1) (481 SE2d 898) (1997). Couch failed to show that his ability to distinguish between right and wrong had been affected or that the alteration in his brain function was more than temporary. *Sydenstricker v. State*, 209 Ga. App. 418 (2) (433 SE2d 644) (1993).

Accordingly, the evidence adduced at trial was sufficient to enable a rational trier of fact to find Couch guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Therefore, Couch's motion for new trial was properly denied.

2. Couch incorrectly asserts that the trial court failed to charge on voluntary intoxication. The record shows that the court did charge on voluntary intoxication. It merely refused to give the portion of Couch's requested charge that stated "if because of the influence of alcohol . . . one's mind becomes so impaired as to render him incapable of intentionally doing the act charged or of understanding that a

certain consequence would likely result form [sic] it, he would not be criminally responsible for the act." The charge requested by Couch " 'is misleading to the extent that it implies that voluntary intoxication in and of itself may be a defense to a crime[.]' [Cit.]" *Williams v. State*, 180 Ga. App. 854, 855 (2) (350 SE2d 837) (1986). Couch's charge was not an accurate statement of the law and the trial court did not err in refusing to give it. Id.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 4, 1997.

*Johnny B. Mostiler*, for appellant.

*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney*, for appellee.