## A99A1449. RATTANSAY v. THE STATE.
(523 SE2d 36)

JOHNSON, Chief Judge.

Liao Rattansay appeals from his rape conviction and the denial of his motion for new trial. He argues that the evidence was insufficient to support his conviction, the court should have ordered a second psychiatric evaluation, and the court erred in its charge to the jury. Because each of these assertions is without merit, we affirm.

1. Rattansay challenges the sufficiency of the evidence to support the conviction. On appeal, we view the evidence in a light most favorable to the verdict; we do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Jackson v. State*, 236 Ga. App. 260-261 (511 SE2d 615) (1999).

So viewed, the evidence shows that the elderly victim and Liao Rattansay lived next door to each other. Rattansay had visited the victim's house on several occasions to socialize and to do household chores for her. On the morning in question, Rattansay came to her house and rang the doorbell. When the victim opened the door, Rattansay asked if he could come in. She allowed him to come in and sit for a few minutes, then asked him to leave. He refused to leave and instead grabbed her by the neck and dragged her to the bedroom. The victim fought and screamed, but Rattansay beat her and forced her to have sexual intercourse. The victim called police, who arrived while the victim was still on the phone. The victim's face and arms

were swollen and bruised, and her lip was bleeding. She told the officers that Rattansay beat her and forced her to have sexual intercourse with him.

A neighbor who lived across the street testified that she saw a man running from the victim's yard into Rattansay's yard at about 8:00 a.m., just after the attack occurred. The neighbor was positive that the man officers brought out of the Rattansay house about 15 minutes later, Liao Rattansay, was the man she saw running from the victim's yard.

(a) Rattansay's complaint that the state failed to prove penetration is without merit. The victim testified at trial and was subject to cross-examination. Although at trial the victim was not asked and did not say whether penetration occurred, she testified that she told police exactly what happened. Officers testified that the victim told them that there was penetration.

Where the veracity of a witness is at issue, and that witness is present at trial, under oath, and subject to cross-examination, that witness' prior consistent out-of-court statement is admissible as substantive evidence of the matter asserted. *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985); *Foster v. State*, 216 Ga. App. 26, 28 (2) (453 SE2d 482) (1995). Similarly, a prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence. *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982); *Foster*, supra. The victim's prior statement to police supporting the penetration element of the rape charge, whether we construe it as consistent or inconsistent with her testimony, was admissible as substantive evidence. See *Foster*, supra; *Cuzzort*, supra.

And, contrary to Rattansay's argument, the state was not required to present physical or medical evidence to prove penetration. See *Jackson v. State*, 190 Ga. App. 316, 317 (2) (379 SE2d 4) (1989); *Searcy v. State*, 158 Ga. App. 328, 329 (2) (280 SE2d 161) (1981). A rational trier of fact could find from the evidence presented that penetration occurred.

(b) Rattansay complains that the neighbor's testimony that she saw Rattansay running from the victim's house was unreliable. He says the witness was too far away to see the person clearly and may have mistaken him for one of his brothers. Any question regarding the witness' ability to see the assailant goes to the credibility of the witness' testimony. The jury decides issues of credibility. *Taylor v. State*, 232 Ga. App. 383, 384-385 (501 SE2d 875) (1998).

(c) Rattansay asserts that the state failed to prove intent, arguing that his voluntary intoxication precluded him from forming the requisite intent. For voluntary intoxication to negate intent, a defendant must show that the intoxication altered his brain function-

ing so as to negate intent and that the alteration was more than temporary. *Peters v. State*, 224 Ga. App. 837, 838 (1) (481 SE2d 898) (1997). Although Rattansay testified that he consumed large amounts of alcohol and drugs the night before the incident, he failed to show that the consumption affected his ability to distinguish right from wrong and that his brain function was more than temporarily altered. See *Couch v. State*, 229 Ga. App. 151 (1) (493 SE2d 577) (1997).

The evidence was sufficient to persuade a rational trier of fact of Rattansay's guilt beyond a reasonable doubt. See generally *Dean v. State*, 215 Ga. App. 23, 24 (4) (449 SE2d 622) (1994).

2. Rattansay contends the trial court erred in denying his motion for further psychiatric evaluation because the first court-ordered evaluation was inadequate. The trial court did not abuse its discretion in denying his request.

Before trial, defense counsel filed a notice of intent to raise the issue of insanity. In response, the trial court ordered the Georgia Department of Human Resources to evaluate Rattansay's mental health and to provide the court with a report of its findings regarding Rattansay's competence to stand trial, his degree of criminal responsibility, and his mental competence at the time of the act.

A psychologist examined Rattansay and issued a report finding that Rattansay manifested no signs of mental illness, gave no indication that his ability to distinguish right from wrong was impaired by thought or mood disorders, and was competent to stand trial and to participate in his own defense.

Rattansay claimed the psychologist was biased in favor of the prosecution and that his examination was inadequate. He moved the trial court to issue an order granting him funds to retain the services of an independent psychologist to aid him in the presentation of an insanity defense. The trial court denied the request, finding no evidence indicating that Rattansay's sanity would be a significant factor at trial.

A defendant must be given access to a psychiatrist for an examination and assistance in his defense when the defendant demonstrates to the trial court that his sanity at the time of the offense is to be a significant factor at trial. *Perkins v. State*, 215 Ga. App. 296 (450 SE2d 324) (1994). Although the trial court is authorized to order a mental health expert to examine the defendant in order to determine whether his sanity is likely to be a significant factor at trial, it is the defendant who bears the burden of making that preliminary showing. See *Bright v. State*, 265 Ga. 265, 271 (2) (d) (455 SE2d 37) (1995); *Perkins,* supra. The mere filing of a motion does not constitute a preliminary showing that sanity at the time of the offense is likely to be a significant factor at trial. Id.

Rattansay did not present any evidence which called into question his mental condition and, therefore, has failed to make the preliminary showing that his sanity would be a significant factor at trial. The trial court was not required to provide psychiatric assistance. See *Brown v. State*, 260 Ga. 153, 158 (7) (391 SE2d 108) (1990); *Callaway v. State*, 208 Ga. App. 508, 510 (1) (431 SE2d 143) (1993). There was no abuse of discretion. See *Jackson v. State*, 180 Ga. App. 774, 776 (1) (350 SE2d 484) (1986); *Perkins*, supra.

3. Rattansay complains that the trial court should have charged the jury on the lesser-included offense of assault with attempt to rape because there was no evidence of penetration. As discussed in Division 1, there was evidence of penetration. In any event, Rattansay waived his right to appellate review of this issue by not submitting a written request for the charge. See *Gamble v. State*, 235 Ga. App. 777, 783 (7) (510 SE2d 69) (1998).

4. Rattansay complains that the trial court's charge was not clear on the issue of whether voluntary intoxication can be considered a defense to a crime. Rattansay contends the trial court's instruction that voluntary intoxication is not an excuse for any criminal act conflicted with its instruction that voluntary intoxication can be a defense if it negates intent. This enumeration presents no grounds for reversal.

The trial court's instruction that voluntary intoxication is not an excuse for any criminal act is a correct statement of the law. OCGA § 16-3-4 (c); *Sydenstricker v. State*, 209 Ga. App. 418, 420 (2) (433 SE2d 644) (1993).

The second part of the instruction, that voluntary intoxication can be a defense, is also correct although, as discussed in Division 1 (c), voluntary intoxication is a defense only when such intoxication has caused an alteration of brain function so as to negate intent and that alteration is more than temporary. *Jones v. State*, 234 Ga. App. 571, 572 (2) (507 SE2d 804) (1998). The trial court's instruction would have been more clear had it included this limitation in its charge. But because there was no evidence of brain alteration in this case, the language which would have clarified the rule would not have been favorable to Rattansay. Indeed, the court's failure to include the limitation in its charge was favorable to Rattansay. Because Rattansay has failed to show how he was harmed by the charge, reversal is not required. *Sheriff v. State*, 197 Ga. App. 143, 145 (5) (b) (397 SE2d 732) (1990).

*Judgment affirmed. Smith and Eldridge, JJ., concur.*

DECIDED SEPTEMBER 28, 1999.

*Richard W. Marks*, for appellant.

*Michael H. Crawford, District Attorney, Earnest J. McCollum, Assistant District Attorney*, for appellee.