## A03A0884. DOWD v. THE STATE.
### (582 SE2d 235)

BLACKBURN, Presiding Judge.

Following a jury trial, Tommy DeWayne Dowd, Sr. appeals the trial court's denial of his motion for new trial, contending that (1) there was insufficient evidence to support his conviction of two counts of child molestation and (2) newly discovered evidence required a new trial. We affirm.

1. In his first enumeration of error, Dowd claims there was insufficient evidence that he molested the victim, A. P. We disagree.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[1] Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact.

(Footnote omitted.) *Phagan v. State.*[2]

Viewed in this light, the evidence shows that A. P., Dowd's 15-year-old stepdaughter, became pregnant in March 2001. According to A. P., she and Dowd had a sexual relationship. Dowd had been touch-

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Phagan v. State*, 243 Ga. App. 568, 569-570 (2) (533 SE2d 757) (2000).

ing her "private parts" with his hand since she was three years old. Most recently on April 29, 2001, and on five prior occasions, Dowd touched her "in her private" with his penis, including in early March 2001, when he impregnated her. In May, Dowd himself admitted to two Department of Family and Children Services workers and to his wife that he "may have [had] something to do with [the pregnancy]." Dowd also told a police officer that "sexual activity had occurred" with A. P., describing an incident from March 2001.

This evidence was sufficient for a rational juror to convict Dowd of molesting A. P. Dowd testified that he did not molest her. There was evidence that A. P. also told several witnesses it was her half-brother who impregnated her. These conflicts raised issues of credibility, which are for the jury to decide. *Rattansay v. State;*[3] OCGA § 24-9-80.

2. Dowd argues that the trial court erred in denying his motion for new trial based on newly discovered evidence that A. P. lied about the molestation. A motion for new trial made on this ground is addressed to the sound discretion of the trial judge and will not be reversed absent abuse of discretion. *Davis v. State.*[4]

At the motion hearing, several close relatives of Dowd testified that A. P. and her mother had come to Dowd's parents' house and told them that they lied at trial about the molestation. At the hearing, however, A. P. reaffirmed her trial testimony that Dowd molested her. Dowd contends that the testimony from his relatives constitutes newly discovered evidence that compelled the trial court to grant him a new trial.

A new trial will not be granted on newly discovered evidence grounds if the only effect of the evidence will be to impeach the trial testimony of a prosecution witness. *Timberlake v. State.*[5] The only exception is where there can be no doubt of any kind that the State's witness' testimony in every material part is purest fabrication.

The testimony of Dowd's relatives constituted mere hearsay evidence of alleged post-trial statements by A. P. and her mother that could have impeached their trial testimony. As such, it cannot support a motion for new trial. *Timberlake,* supra. The trial court did not abuse its discretion in denying the motion on this ground.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED MAY 16, 2003.

---

[3] *Rattansay v. State,* 240 Ga. App. 165, 166 (523 SE2d 36) (1999).
[4] *Davis v. State,* 221 Ga. App. 375, 377 (471 SE2d 307) (1996).
[5] *Timberlake v. State,* 246 Ga. 488, 491 (1) (271 SE2d 792) (1980).

*Henderson & Harvey, John D. Harvey,* for appellant.
*J. Thomas Durden, Jr., District Attorney, James S. Archer, Assistant District Attorney,* for appellee.