## A06A0005. SMITH v. THE STATE.
### (622 SE2d 413)

BLACKBURN, Presiding Judge.

Following a bench trial, Michael Smith was convicted of kidnapping with bodily injury, aggravated assault, and burglary. He appeals, challenging the sufficiency of the evidence. Specifically, he claims that his voluntary intoxication precluded a finding of criminal intent. Discerning no error, we affirm.

When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State.*[1] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia.*[2]

So viewed, the evidence shows that following a party at which Smith had been drinking, he and his girlfriend returned to her home where she had been allowing him to live. Intoxicated, he asked and then demanded that she give him money for drugs. When she declined, he began removing some of her personal property from the home so that he could pawn the items for money. Police eventually came and, at her request, removed him from the premises, warning him not to return. Within minutes after the police left, he returned to the locked home, demanding money and insisting on entry. Breaking a window, he entered the residence while the girlfriend and her two daughters escaped out the back door. He picked up a steak knife from the kitchen and eventually found the girlfriend outside. He placed the knife to her throat and demanded money. He then forced her down the street to a more secluded area, all along announcing he was going to kill her. Police returned and insisted that he drop the knife. Instead, he repeatedly stabbed the girlfriend in the back of her neck and head, stopping only when shot by police. The girlfriend and one of her daughters testified to the forced entry and the assaults, with corroboration from the police.

---

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The evidence regarding his forced entry into the house followed by his attempt to murder the girlfriend sustained the conviction of burglary;[3] the evidence regarding his holding the knife to her throat and demanding money sustained the aggravated assault conviction;[4] and the evidence regarding his then forcing her down the street and stabbing her sustained the conviction of kidnapping with bodily injury.[5]

On appeal, Smith claims for the first time that the evidence showing he was intoxicated precluded a finding that he had formed the requisite criminal intent to commit these crimes. "To establish a voluntary intoxication defense, [Smith] would have had to show that the intoxication had 'resulted in the alteration of brain function so as to negate intent. Even then, the brain function alteration must be more than temporary.' *Horton v. State*.[6]"*Bright v. State*.[7] As in *Peters v. State*,[8] "[a]lthough the evidence indicates that [Smith] had been drinking on the night of the incident and even perhaps that he was drunk, no evidence sufficient to support a voluntary intoxication defense was presented." See *Wellons v. State*.[9] Specifically, he failed to present any evidence that "the intoxication altered his brain functioning so as to negate intent and that the alteration was more than temporary." *Rattansay v. State*.[10] See *Couch v. State*.[11] Beyond alcohol abuse and intoxication on the night of the crime, Smith needed to show "clinical and objective signs or testing by diagnostic procedures and psychometric tests" to demonstrate permanent brain injury. *Burgos v. State*.[12] Even if such had been shown, the weight and credibility of such evidence would have been up to the judge as the trier of fact.

Evidence supported the trial judge's finding of guilt beyond a reasonable doubt. Accordingly, we affirm.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED OCTOBER 20, 2005.

*L. Stanford Cox III*, for appellant.

---

[3] OCGA § 16-7-1 (a).

[4] OCGA § 16-5-21 (a) (1), (2).

[5] OCGA § 16-5-40.

[6] *Horton v. State*, 258 Ga. 489, 491 (8) (371 SE2d 384) (1988).

[7] *Bright v. State*, 265 Ga. 265, 273 (2) (e) (455 SE2d 37) (1995).

[8] *Peters v. State*, 224 Ga. App. 837, 838 (1) (481 SE2d 898) (1997).

[9] *Wellons v. State*, 266 Ga. 77, 88 (16) (463 SE2d 868) (1995).

[10] *Rattansay v. State*, 240 Ga. App. 165, 166-167 (1) (c) (523 SE2d 36) (1999).

[11] *Couch v. State*, 229 Ga. App. 151 (1) (493 SE2d 577) (1997).

[12] *Burgos v. State*, 233 Ga. App. 897, 900 (1) (505 SE2d 543) (1998).

*W. Kendall Wynne, Jr., District Attorney, David E. Boyle, Assistant District Attorney*, for appellee.