S09A1878. DENTON v. THE STATE.
(689 SE2d 322)

HUNSTEIN, Chief Justice.

Sheila Denton was convicted of felony murder in the death of 73-year-old Eugene Garner as well as giving a false name to law enforcement officers. She appeals from the denial of her motion for new trial[1] challenging the sufficiency of the evidence and the admission of bad character evidence. Finding no reversible error, we affirm.

1. The evidence adduced at trial authorized the jury to find that Denton had been to the victim's home and, having previously sold

---

[1] The crimes occurred on May 21, 2004. Denton was indicted August 13, 2004 in Ware County on charges of malice murder, felony murder and giving a false name to a law enforcement officer in the lawful discharge of her official duties, OCGA § 16-10-25. A jury acquitted her of malice murder but otherwise found her guilty on March 15, 2006. Life imprisonment with a consecutive 12 month sentence was imposed on March 21, 2006. Denton's timely filed motion for new trial was denied October 3, 2008. A notice of appeal was filed October 16, 2008. The appeal, docketed July 28, 2009, was submitted for decision on the briefs.

him food items, knew that he carried large amounts of cash. Within the time frame of the murder, Denton went to a crack house with a bite mark on her left arm and cuts on her arms, legs and hands; asked Sharon Jones, a resident at the crack house, to let her inside because "I did something"; and, when Jones then asked "what's wrong with you, what happened," Denton responded, "I just killed the man that stay in front of Walley's," a local convenience store near the victim's residence. Denton, who typically had little money, purchased $300 worth of crack cocaine from Jones. Denton later gave a false name to police officers who were searching for her and, once the officers learned her true identity, fled into nearby woods in an attempt to evade capture.

Neighbors of the victim called the police after entering his house, observing signs of a struggle, smelling natural gas inside and finding the victim lying face down in his bedroom. The responding officers discovered that all of the gas stove burners were on but with the pilot lights extinguished. Once the house cleared of gas, the victim's body was recovered with empty pants pockets pulled out of his pants. Expert testimony established that the victim died from manual strangulation in conjunction with extensive blunt force trauma, which had been inflicted in part with a rod-shaped object; that he had a bite mark on his right forearm; and that his body had been doused with a liquid chemical. A forensic dentist opined that Denton probably caused the bite mark on the victim's arm and that the victim probably caused the bite mark on Denton's arm.

Denton asserts that Sharon Jones was not a credible witness because of the amount of crack cocaine she smoked during the relevant times, the tricks the police officers used on her to get her to talk to them and the contradictions between her trial testimony and her statements to police officers. The transcript reveals that all of these matters going to Jones's credibility were thoroughly addressed by defense counsel on cross-examination. Assessing the credibility of Sharon Jones was a matter lying within the province of the jury, not this Court. See *Porter v. State*, 285 Ga. 403 (677 SE2d 130) (2009). Although Denton asserts she was highly intoxicated when she gave a false name to police officers, she did not carry her burden of showing that her intoxication negated her intent to commit the crime.[2] See *Horton v. State*, 258 Ga. 489 (8) (371 SE2d 384) (1988). The evidence was sufficient to enable a rational trier of fact to find Denton guilty beyond a reasonable doubt of the crimes for which she was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Contrary to Denton's contention, testimony by Jones that she

---

[2] We note that no charge on voluntary intoxication was requested or given.

initially refused to let Denton into the crack house because Denton "acts up all the time" did not place Denton's character in issue. See *Smith v. State*, 269 Ga. App. 17, 21 (3) (602 SE2d 921) (2004) (officer's vague testimony that he "got out with" defendant did nothing to impugn his character).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 8, 2010.

*John C. Culp*, for appellant.

*Richard E. Currie, District Attorney, Michelle C. McIntire, Assistant District Attorney, Thurbert E. Baker, Attorney General, Christopher R. Johnson, Assistant Attorney General*, for appellee.