64292. IN THE INTEREST OF F. J.

QUILLIAN, Chief Judge.

F. J., a 16-year-old juvenile, appeals his adjudication as a delinquent for commission of burglary. *Held:*

1. The general grounds are asserted.

The State's evidence showed the following: During nighttime hours, a seafood market was burglarized and property taken. At midnight of the night of the burglary, and before it was discovered, a police officer observed an automobile with two young men in it and the hood was up, parked across the street from the market. When the

officer stopped they told him they were having transmission trouble. The officer then routinely noted the description and tag number and watched the car drive away. The officer identified appellant as one of the occupants of the car, which was later determined to be appellant's mother's car.

F. M., a 16-year-old juvenile, testified that a couple of days after the burglary, appellant told him that he and D. H. had broken into the market, how they had done it and what they had taken. He had seen appellant and D. H. at a party in the early evening of the burglary and was given a ride by them to another location in appellant's mother's car. D. G., a 15-year-old juvenile, testified that he had seen appellant at a party the evening of the burglary and that later on appellant had told him that someone had broken into the market. D. H. testified that he and appellant had burglarized the market, how they had entered and what was taken.

Appellant denied any participation in the crime, denied being with D. H. or the other witnesses on the evening in question, and denied that he was in his mother's car across from the market at midnight. He stated that he was home by 11:30 that evening.

D. H.'s testimony was amply corroborated by the other evidence identifying appellant in the company of D. H., identifying appellant in his mother's car parked across from the market at midnight, and appellant's admission to F. M. that he and D. H. had committed the burglary. "Slight evidence from an extraneous source identifying the accused as a participant in the criminal act will be sufficient corroboration of the accomplice to support a verdict. [Cits.]" *Jones v. State,* 139 Ga. App. 643 (3), 646 (229 SE2d 121). Moreover, even excluding D. H.'s testimony the remaining evidence would have been sufficient to support a finding of guilty.

Appellant's argument that the evidence against him was entirely circumstantial and showed hypotheses other than guilt is without merit as there was direct evidence of his involvement through his admission to F. M. thereof, and D. H.'s testimony that he and appellant committed the crime.

The remaining arguments as to the sufficiency of appellant's identification at the scene of the crime and in court and that no stolen property was found in his possession also have no merit. We find that the evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Code Ann. § 24A-2201 (Ga. L. 1971, pp. 709, 732) provides that "[a]fter hearing the evidence on any petition alleging delinquency . . . the court shall make and file its findings as to whether . . . the acts ascribed to the child were committed by him."

Contrary to appellant's contention, the trial court's written order filed in the record made sufficient findings of fact to support appellant's adjudication as a delinquent in accordance with Code Ann. § 24A-2201, supra. As we have found in the foregoing division, the evidence was sufficient to support those findings beyond a reasonable doubt.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 9, 1982.

*Bobby Bearden,* for appellant.

*Willis B. Sparks III, District Attorney, Thomas J. Matthews, G. F. Peterman III, Assistant District Attorneys,* for appellee.