A97A1782. FREELOVE v. THE STATE.<br>(494 SE2d 72)

Judge Harold R. Banke.

Arthur Lee Freelove was convicted of burglary. Following the denial of his motion for new trial, Freelove only challenges the sufficiency of the evidence.

The evidence, when viewed in a light to support the verdict, showed that about 10:00 p.m., when police responded to a report of a burglary in progress, they discovered Freelove inside a partially completed building. Freelove was in the process of rolling an orange extension cord around his arm. An investigating officer testified that when he tapped on the window glass, Freelove looked at him, dropped the extension cord and ran to the rear of the building. Another officer intercepted Freelove as he tried to escape, and placed

him under arrest as he crawled out a window. The superintendent of construction testified that Freelove had no authority to be inside the building which contained extension cords, fans, ladders, and miscellaneous construction materials. *Held*:

In his sole enumeration of error, Freelove contends that the State failed to prove that he had an intent to commit theft in the building. He claims that the State failed to prove that there was anything of value that could be stolen. We disagree.

The pertinent essential elements of the offense of burglary are: (1) entering the building of another; (2) without authority; (3) with intent to commit a theft therein. OCGA § 16-7-1 (a). It is not necessary to prove that the theft of any object occurred, only that there was an apparent purpose to commit a theft. *Fennell v. State*, 159 Ga. App. 194, 195 (283 SE2d 72) (1981); *Davis v. State*, 139 Ga. App. 105, 106 (3) (227 SE2d 900) (1976). Although Freelove testified that he entered the building "to secure" it and because he was curious, the jury was the sole judge of witness credibility. *Norris v. State*, 220 Ga. App. 87, 88-89 (1) (469 SE2d 214) (1996).

In light of the evidence that investigators discovered Freelove inside a building without the owner's permission, with an extension cord wrapped around his arm, that when Freelove spotted an officer he immediately dropped the cord, fled, and attempted to elude the police, a rational trier of fact could find the essential elements of burglary, including an intent to commit theft, within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Upon this evidence, the jury was authorized to infer that Freelove entered with an intent to commit theft. *Ealey v. State*, 139 Ga. App. 604, 606-607 (2) (229 SE2d 86) (1976).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED NOVEMBER 12, 1997.

*Mark T. Phillips*, for appellant.

*Kenneth B. Hodges III, District Attorney, Robert E. Perrine, Jr., Assistant District Attorney*, for appellee.