A99A1189. JOHNSON v. THE STATE.
(522 SE2d 722)

MILLER, Judge.

A jury found Charles Johnson guilty of burglary. Johnson's motion for new trial was denied, and on appeal he enumerates as error the general grounds. We affirm.

OCGA § 16-7-1 (a) provides that a person commits burglary when, without authority and with intent to commit a felony therein, he "enters . . . any building . . . or any room or any part thereof." The defendant does not need to actually complete the theft to commit the crime of burglary; the intent to commit a theft or felony is sufficient. *Igle v. State*, 223 Ga. App. 498, 500 (3) (478 SE2d 622) (1996).

The appropriate standard for reviewing the sufficiency of the evidence in a criminal case is whether, construing the evidence in favor of the State, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The appellate court reviews the sufficiency of the evidence, not its weight or credibility. On appeal the evidence must be viewed in the light most favorable to the verdict, as the appellant no longer enjoys a presumption of innocence. *London v. State*, 235 Ga. App. 30, 31 (508 SE2d 247) (1998).

Construed in favor of the verdict, the evidence showed that on August 22, 1996, security guard Rodney Hill observed a blue car at the Platinum Towers loading dock after hours. Hill copied the tag number and waited for the driver to return. Hill observed a man exit the service elevator of the building carrying a large trash can. When Hill questioned the man about the contents of the trash can, a struggle ensued wherein the man dropped the trash can and fled the scene in the blue car. Hill returned to the loading dock and found computer equipment in the trash can. In a photo lineup and at the trial, Hill

identified Johnson as the man who dropped the trash can and drove away in the blue car.

Upon investigation, Hill discovered that the door to Banyan Systems, a tenant in the building, was ajar. A Banyan Systems employee testified that the computer equipment was stolen from her office at Banyan Systems. The tag number obtained by Hill was registered to a vehicle that belonged to Loretta Allen of Stone Mountain. Allen testified that she loaned her car to Johnson while she was at work. Detective Underwood testified further that Johnson was apprehended at Allen's residence.

The evidence was sufficient to sustain the verdict. The court did not err in denying Johnson's motion for a new trial.

*Judgment affirmed. Smith and Eldridge, JJ., concur.*

DECIDED SEPTEMBER 22, 1999.

*Michael A. Zoffman*, for appellant.

*Patrick H. Head, District Attorney, Debra H. Bernes, Thomas A. Cole, Nancy I. Jordan, Assistant District Attorneys*, for appellee.