## A00A2545. HAWKINS v. THE STATE.

(546 SE2d 280)

RUFFIN, Judge.

A jury found Dennis Hawkins guilty of burglary. Hawkins appeals, challenging the sufficiency of the evidence and the trial court's failure to instruct the jury on the lesser included offense of criminal trespass. Finding the evidence sufficient and no error in the court's instructions, we affirm.

1. In reviewing Hawkins' challenge to the sufficiency of the evidence, we do not weigh the evidence or determine witness credibility.[1] Instead, we review the evidence presented at trial in the light most favorable to support the jury's verdict and determine whether this evidence is sufficient to authorize a rational trier of fact to find Hawkins' guilty of each element of the charged offense beyond a reasonable doubt.[2]

Viewed in this light, the evidence shows that at approximately 9:45 p.m. on February 22, 1999, Karen Smith, a resident of Sunchase Apartments, was walking her dog in the apartment complex. During her walk, Smith saw a man, later identified as Hawkins, exiting the apartment complex management office. Smith testified that Hawkins "came out of [the] sliding glass door [of the management office] and he was messing with the lock on the maintenance man's compartment." Because Smith knew that the office closed at 5:00 p.m. and that Hawkins was not the maintenance man, his activities aroused her suspicions. Smith went upstairs to her apartment, which overlooked the office, called the police, reported the incident, and described Hawkins' appearance.

Two officers arrived shortly thereafter and saw Hawkins walking away from the office building. When the officers ordered Hawkins to stop, he fled. After chasing Hawkins for two blocks, the officers took him into custody. The officers brought Hawkins back to Smith, who identified him as the man she saw leaving the manager's office

---

[1] See *Russell v. State*, 230 Ga. App. 546, 549 (4) (497 SE2d 36) (1998).

[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

and breaking into the maintenance closet.

Upon examining the manager's office, the officers discovered that a window was broken. When the assistant apartment manager arrived, she found that several doors around the office had been opened, that a television set had been moved, and that someone had attempted to remove the cable wire. In addition, a vacuum cleaner had been removed from a closet. At trial, the assistant manager testified that when she left the office at 5:00 that afternoon, the office doors were locked and no windows were broken. She also stated that Hawkins was not authorized to be in the office that evening. Based on this evidence, the jury found Hawkins guilty of burglary.

Under Georgia law, "[a] person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains . . . within any . . . building."[3] Here, Hawkins asserts that "[t]here is absolutely no evidence that places [him] inside the management office." This assertion, however, ignores Smith's unequivocal testimony that she saw Hawkins exit the office, and "the testimony of a single witness is generally sufficient to establish a fact."[4]

Hawkins also asserts that the evidence was purely circumstantial and did not exclude every reasonable hypothesis that the burglary was committed by someone else.[5] Again, Hawkins ignores Smith's testimony that she saw him in the manager's office, and the assistant manager testified that he did not have authority to be there. This is direct evidence that immediately points to two essential elements of the charged offense:[6] (1) whether Hawkins entered the building and (2) whether he had authority to do so.[7]

Even if we characterize the evidence as circumstantial, Georgia law requires only that the proved facts exclude *reasonable* hypotheses that the crime could have been committed by someone else.[8] Questions of reasonableness are generally decided by the jury, and we will not disturb the jury's finding of guilt unless it is unsupportable as a matter of law.[9] In addition to the evidence discussed above, the jury was also authorized to consider evidence that Hawkins fled

---

[3] OCGA § 16-7-1 (a).

[4] (Punctuation omitted.) *Jones v. State*, 243 Ga. App. 374, 375 (1) (533 SE2d 437) (2000).

[5] See *Underwood v. State*, 221 Ga. App. 93, 94 (1) (470 SE2d 699) (1996) (discussing standard of proof when State's case is based entirely on circumstantial evidence).

[6] See OCGA § 24-1-1 (3) (defining direct evidence as "evidence which immediately points to the question at issue").

[7] See OCGA § 16-7-1 (defining burglary); *Freelove v. State*, 229 Ga. App. 310, 311 (494 SE2d 72) (1997) (enumerating the essential elements of burglary as "(1) entering the building of another; (2) without authority; (3) with the intent to commit a theft therein").

[8] See OCGA § 24-4-6; *Underwood*, supra at 94.

[9] See id.

from the officers in evaluating his consciousness of guilt.[10] Considering this evidence, we conclude that it is sufficient to authorize a rational trier of fact to find Hawkins guilty of burglary beyond a reasonable doubt.[11]

2. Hawkins also asserts that the trial court erred in failing to charge the jury on the lesser included offense of criminal trespass.[12] The record, however, discloses that Hawkins never made such request, written or otherwise. In the absence of a written request, the trial court did not err in failing to charge the jury on the lesser included offense of criminal trespass.[13]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 19, 2001 —
RECONSIDERATION DISMISSED APRIL 5, 2001.

*John P. Cannon,* for appellant.
Dennis Hawkins, *pro se.*
*Kenneth B. Hodges III, District Attorney, Leisa Meadows, Assistant District Attorney,* for appellee.

---

[10] See *Jackson v. State,* 239 Ga. App. 77, 81 (1) (519 SE2d 746) (1999).
[11] See *Jackson v. Virginia,* supra.
[12] See *Underwood,* supra at 95 (stating that criminal trespass is a lesser included offense of burglary).
[13] See id.; *Foster v. State,* 218 Ga. App. 569, 570 (3) (462 SE2d 455) (1995).
[1] *Barber v. State,* 235 Ga. App. 170 (509 SE2d 93) (1998).
[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).