A03A0342. PORTER v. THE STATE.
(575 SE2d 753)

PHIPPS, Judge.

Following the denial of his motion for new trial, Melvin Porter appeals his conviction of armed robbery. Initially, he was identified by the victim, Dwayne Pitts, at a one-on-one showup. Although Porter does not enumerate error on the trial court's denial of his motion to suppress identification evidence, he challenges the sufficiency of the evidence to support the verdict based on the claim that the pretrial identification procedure was impermissibly suggestive (and therefore should have been excluded). He also claims that he is entitled to a new trial based on evidence showing that he was in jail when the crime was committed. Finding the evidence sufficient, and no abuse of discretion in the trial court's denial of Porter's motion for new trial, we affirm.

---

[6] See *Delaware v. Prouse,* 440 U. S. 648 (99 SC 1391, 59 LE2d 660) (1979).

The State's evidence showed that around 11:30 a.m. on November 25, 2000, Pitts and his friend Nehemiah Stinchcomb were walking Pitts's dog. A man drove up in a green Buick LeSabre and offered to purchase the dog. When Pitts declined the man's offer, he brandished a .380 handgun and demanded both money and the dog. The man made off with the dog and about $150.

Pitts testified that the entire incident lasted about ten minutes and that he got a good look at the robber's face and clothing. According to both Pitts and Stinchcomb, the robber wore army fatigues and Timberland boots. Immediately after the robbery, Pitts told police that the robber was a black male, with a medium complexion, about six feet tall. Although neither Pitts nor Stinchcomb could see the Buick's tag number, Pitts was able to identify the car because it had a crack in the windshield on the passenger side.

On November 28, three days after the robbery, Pitts observed the Buick with the cracked windshield parked in the driveway of a residence in the area. After Pitts alerted law enforcement authorities, a police detective drove him to the residence. They were accompanied by uniformed officers in patrol cars. The detective entered the residence, found Porter lying in bed, took him outside, and placed him in a patrol car. Pitts observed Porter walk by the detective's vehicle and identified Porter as the robber. According to the detective, Pitts said he was "100 percent sure" of his identification. The detective then went back into the residence and retrieved articles of clothing identified by Pitts as those worn by the robber. During an inventory of the Buick, ammunition for a .380 handgun was found. At trial, both Pitts and Stinchcomb identified Porter as the robber. Pitts testified that he was certain of his identification.

1. At the hearing on Porter's motion for new trial, he produced a document from the Georgia Department of Corrections showing that he was incarcerated from May 2000 to June 2001 in the Fulton County jail, so that he could not have committed this armed robbery in November 2000. Also admitted, however, was other documentation showing that, through an administrative error, Porter was released from the Fulton County jail in June 2000, so that he was not incarcerated when the crime in this case was committed. Consequently, the court did not abuse its discretion in denying Porter's motion for new trial.

2.

Although showing suspects singly to a witness for identification purposes is inherently suggestive, an identification need not be excluded as long as under all the circumstances the identification was reliable notwithstanding any suggestive procedure. Our inquiry here is whether, under the total-

ity of the circumstances, there was a substantial likelihood of irreparable misidentification. As enunciated in *Neil v. Biggers*,[1] to evaluate that likelihood, we consider factors that include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.[2]

Applying these factors, we find that Pitts had an excellent opportunity to view Porter during the crime. Pitts's attention was focused on the robber for about ten minutes during daylight hours. It appears that Pitts's description before the showup of both the robber and his clothing was accurate, and Pitts was absolutely certain of his identification of Porter both during the showup several days after the crime and at trial. In addition, Porter was tied to the crime through his possession of the vehicle used in the robbery and .380 handgun ammunition, as well as the testimony of Stinchcomb. Under the standard set forth in *Jackson v. Virginia*,[3] the evidence was sufficient for any rational trier of fact to have found Porter guilty beyond a reasonable doubt of armed robbery.

*Judgment affirmed. Blackburn, C. J., and Ellington, J., concur.*

DECIDED DECEMBER 16, 2002.

*Harold S. Gulliver*, for appellant.
*Paul L. Howard, Jr., District Attorney, Amira A. Arshad, Assistant District Attorney*, for appellee.

---

[1] 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972).
[2] (Punctuation and footnotes omitted.) *Toney v. State*, 253 Ga. App. 231, 232 (1) (558 SE2d 780) (2002).
[3] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).