A03A0256. JACKSON v. THE STATE.
(581 SE2d 382)

MIKELL, Judge.
Maurice Bernard Jackson was convicted of burglary and sentenced as a recidivist to serve 20 years. He appeals from the denial of his motion for new trial, asserting that the trial court erred in its jury charge on burglary, in allowing the state to impeach a witness without laying a sufficient foundation, and in admitting a witness's out-of-court identification of Jackson. In addition, Jackson challenges

---

[16] (Citations omitted.) *Anderson v. State*, 170 Ga. App. 18, 19 (1) (316 SE2d 166) (1984).

the effectiveness of his trial counsel and the sufficiency of the evidence to support his conviction. Finding no error, we affirm.

At the outset, we reject the state's contention that Jackson failed to file a timely notice of appeal. Generally, the notice must be filed "within 30 days after entry of the appealable decision or judgment complained of; but when a motion for new trial . . . has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion."[1] Jackson's conviction was entered on October 6, 1999. He filed a motion for new trial on October 15, 1999, and an amended motion on April 5, 2002. The motion was denied on July 1, 2002, and a notice of appeal was timely filed on July 3, 2002. Therefore, contrary to the state's assertion, this Court has jurisdiction to resolve this appeal.

1. Jackson first argues that the trial court erred in its jury charge on burglary. The court instructed the jury as follows: "A person commits the offense of burglary when, without authority, that person enters any building of another, or into any room or any part of it, with the intent to commit a theft." OCGA § 16-7-1 (a) provides: "A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another . . . or enters or remains within . . . any room or any part thereof." Although Jackson's brief is not entirely clear, he apparently contends that by omitting the word "therein," the court failed to charge an essential element of the offense, i.e., intent to commit a theft within the premises entered. We disagree. The trial court thoroughly charged the jury on intent, as follows: "Intent to commit a theft is an essential element of the offense of burglary and must be proved by the State beyond a reasonable doubt. An intent to steal may be inferred when the evidence shows an unlawful entry into the building of another where valuable goods are stored or kept inside. . . ." Given this charge on intent, and the fact that the burglary charge tracked the language of OCGA § 16-7-1 (a), the jury could not have been confused or misled.[2] There was no error.

2. Jackson next contends that the state impeached a witness without laying a sufficient foundation. Pretermitting whether Jackson has waived appellate review of this issue by failing to state the objection specifically for the record, his contention is meritless.

OCGA § 24-9-83 pertinently provides: "A witness may be impeached by contradictory statements previously made by

---

[1] OCGA § 5-6-38 (a).

[2] *Leverett v. State*, 204 Ga. App. 736, 737 (2) (420 SE2d 629) (1992) (jury charge on presumption of innocence which tracked language of OCGA § 16-1-5 was sufficient).

him as to matters relevant to his testimony and to the case. Before contradictory statements may be proved against him, . . . the time, place, person, and circumstances attending the former statements shall be called to his mind with as much certainty as possible." In this regard, the cross-examiner will ask the witness whether he made the alleged statement, giving its substance, and naming the time, the place, and the person to whom made. If the witness denies the making of the statement, or fails to admit it, then the requirement of "laying the foundation" is satisfied and the cross-examiner, at his next stage of giving evidence, may prove the making of the alleged statement.[3]

In this case, Linda Greene testified that she witnessed the perpetrator flee from the scene and that she described him to the police. She further testified that when the police brought her back to the scene and showed Jackson to her, she told the police he was not the suspect she had seen earlier. The prosecutor then asked Greene, "So, if the police had put something else in the police report, that would have been wrong?" Defense counsel objected, and the prosecutor stated that she was surprised by the testimony. The court ruled that it would permit the prosecutor to lead the witness. The prosecutor then precisely followed the rules outlined above for laying the foundation prior to impeaching Greene with her prior contradictory statement to police. Therefore, this enumerated error is meritless.

3. Jackson next complains that the victim's out-of-court identification of him should have been suppressed because it was impermissibly suggestive. Contrary to Jackson's contention, the fact that he was surrounded by uniformed officers and was handcuffed when the victim identified him does not render the identification per se inadmissible.[4] Although a one-on-one showup is inherently suggestive,

an identification need not be excluded as long as under all the circumstances the identification was reliable notwithstanding any suggestive procedure. Our inquiry here is whether, under the totality of the circumstances, there was a substantial likelihood of irreparable misidentification.[5]

The factors to be considered include "the opportunity of the witness

---

[3] (Citation, punctuation and emphasis omitted.) *Horne v. State*, 204 Ga. App. 81 (1) (418 SE2d 441) (1992).

[4] *Smith v. State*, 250 Ga. App. 465, 467 (2) (552 SE2d 468) (2001).

[5] (Footnote omitted.) *Porter v. State*, 258 Ga. App. 897, 898-899 (2) (575 SE2d 753) (2002).

to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation."[6]

These factors were amply demonstrated in the case at bar. At the hearing on Jackson's motion to suppress the out-of-court identification, the victim, 82-year-old Jeanette Shadron, testified that on the morning of April 17, 1998, she was in her yard and heard a loud banging noise. As she approached her house to check on the noise, she saw Jackson coming out of the back door. He fled, and Shadron chased him all the way around her house and out to the side street. Shadron, who was no more than eight to ten feet away from Jackson, testified that he was wearing blue denim shorts and a red, white, and navy striped shirt. She described him as six feet two or three inches tall. Less than an hour later, the police brought Jackson to Shadron, and she identified him as the perpetrator. Accordingly, the evidence supports the trial court's determination that, under the totality of the circumstances, there was no likelihood of irreparable misidentification.[7]

4. Next, Jackson claims that his trial counsel was ineffective for failing to cross-examine Charles Harris, Sr., an investigator for the public defender's office, concerning statements a police officer who had testified earlier made to him about witness Greene. "To prevail on this ineffectiveness claim, [Jackson] must show that his counsel's performance was deficient, and that the deficient performance prejudiced [his] case to the extent that it is reasonably likely that the outcome of the trial would have been different if not for counsel's errors."[8]

In the case at bar, Jackson has failed to show that trial counsel's performance was deficient. A review of the transcript reveals that counsel did, in fact, cross-examine the officer concerning statements Greene made to him as well as statements the officer made to Harris. The court barred counsel from questioning Harris concerning his interview with the officer, ruling that counsel had failed to question the officer on the issue. When the trial court interrupted counsel's questioning of Harris, trial counsel properly made an offer of proof in order to preserve the issue for appellate review. Appellate counsel,

---

[6] (Footnote omitted.) Id. at 899, citing *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972).

[7] See *Johnson v. State*, 209 Ga. App. 632, 634 (2) (434 SE2d 169) (1993).

[8] (Footnote omitted.) *Rouse v. State*, 275 Ga. 605, 609 (9) (571 SE2d 353) (2002).

however, has not enumerated the trial court's ruling as error,[9] and the contention that trial counsel was ineffective is wholly meritless.

5. Finally, Jackson contends that the evidence is insufficient to support his conviction.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Jackson] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[10]

Viewed in this light, the evidence adduced at trial shows that before Shadron went into her yard, she locked her kitchen door as well as her outside door. While she was gardening, Shadron heard a loud banging noise. When she walked back toward her house, Shadron saw Jackson coming out of her kitchen door. She testified that Jackson had moved a piece of jalousie glass, knocked a hole in the screen, reached in, and unlocked the outside door. During the ensuing investigation, Greene told the police that she saw Shadron chasing a black male and that he entered a burgundy Ford Probe with a C & N Motors drive-out tag. Nicholas Christ, the owner of C & N Motors, testified that his dealership sold a burgundy Ford Probe to Jackson on April 16, 1998, which was the day before the crime was committed. On cross-examination, Jackson admitted that on the date of the incident, he was dressed in blue denim shorts and a red, white, and blue striped shirt, which matched the description of his clothing Shadron gave to the police.

The essential elements of burglary are: "(1) entering the building of another; (2) without authority; (3) with the intent to commit a theft therein. OCGA § 16-7-1 (a). It is not necessary to prove that the theft of any object occurred, only that there was an apparent purpose to commit a theft."[11] The evidence recounted above was more than sufficient to enable any rational trier of fact to find Jackson guilty of burglary beyond a reasonable doubt.[12]

---

[9] Had he done so, however, we would have deemed the error harmless, as there was no discrepancy between the officer's testimony and the offer of proof. The officer admitted that Greene "was not able to positively identify the subject," and Harris stated during the proffer that Greene could not identify Jackson.

[10] (Citation and punctuation omitted.) *Knapke v. State*, 236 Ga. App. 795 (513 SE2d 765) (1999).

[11] (Citations omitted.) *Freelove v. State*, 229 Ga. App. 310, 311 (494 SE2d 72) (1997).

[12] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED APRIL 11, 2003.

*Patrick C. Kaufman*, for appellant.
*Stephen D. Kelley, District Attorney, Ann S. Williams, Assistant District Attorney*, for appellee.