A04A2274. MITCHELL v. THE STATE.
(610 SE2d 672)

RUFFIN, Chief Judge.

A jury found Thomas Elson Mitchell guilty of burglary.[1] Mitchell appeals, asserting that there was insufficient evidence to support the

---

[1] Mitchell was sentenced on September 6, 1995. The trial court granted his motion for out-of-time appeal in June 2004.

conviction and that the court erred in admitting his written statement into evidence. For reasons that follow, we affirm.

On appeal from a criminal conviction, "the defendant no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the verdict to determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt."[2] We neither resolve conflicts in the evidence nor assess witness credibility, but merely determine the legal sufficiency of the evidence.[3]

Viewed in this manner, the record shows that on the night of March 14, 1993, Todd Brown drove down the driveway to his grandfather's house, where he was living at the time, and saw a "white or light bluish" van, with its doors open, in the turnaround. As he approached the house, Brown saw two men in the house and all of the guns from the house on the front porch, and he "knew there was something wrong." He shot the rear tire of the van with his gun so that the men could not get away, then went to a friend's house to call the authorities.

When Brown returned to the house, he saw Walter Childers, a man he had previously worked with, walking with a flashlight in the driveway. He made Childers get on the ground and he held him there with his gun until the sheriff arrived. He did not see anyone else at the house, but later that night, as he headed to the sheriff's department, he saw the van parked off the highway.

The sheriff's department called James Stanford, the owner of a wrecker service, to tow the van. As Stanford was mounting the van on his truck, Mitchell appeared from behind the van. Stanford called the sheriff. Calvin Pitts of the Jones County Sheriff's Department arrived shortly thereafter and took Mitchell into custody.

Thomas Tillman of the Jasper County Sheriff's Department interviewed Mitchell the next day. Tillman read Mitchell his *Miranda* rights, and Mitchell signed a waiver of those rights. Mitchell then told Tillman that although he was in the van with Childers, he was asleep and not aware that Childers was driving to Brown's house. He awoke to people yelling, horns blowing and gunfire. He started the van and drove out of the driveway to the highway. He then went to sleep again until he awoke to the noise of the wrecker service. Mitchell wrote and signed a statement reflecting what he had told Tillman. The statement was admitted at trial without objection.

At trial, Mitchell testified that Childers, who worked for him, asked Mitchell for a ride to his ex-boss' house so he could pick up

---

[2] *Smith v. State*, 247 Ga. App. 173 (543 SE2d 434) (2000).

[3] See *Bales v. State*, 232 Ga. App. 761, 763 (1) (503 SE2d 607) (1998).

money that the ex-boss owed him. Mitchell agreed, but on the way there, his van ran out of gas. By the time they were able to fill up the tank, Mitchell wanted to go home, but instead he allowed Childers to drive the van while Mitchell slept. Childers got out of the van at Brown's house and said he would be back in a minute, at which point Mitchell went back to sleep. Shortly thereafter, Mitchell awoke to the sound of noises, started the van, and drove to the highway. He then went to sleep again until the sound of a wrecker towing the van awakened him.

Mitchell testified that did not know that Childers was going to attempt a burglary and that he never entered the Brown house. The jury evidently rejected Mitchell's testimony and found him guilty of burglary.

1. Mitchell urges that the evidence is insufficient to support his conviction because no one can place him at the scene and "[t]he only connection between [Mitchell] and the crime is the mere presence of his Ford van at the residence." We disagree.

Pursuant to OCGA § 16-7-1 (a), "[a] person commits the offense of burglary when, without authority and with the intent to commit a felony of theft therein, he enters or remains within the dwelling house of another." Here, Mitchell admits that he was in the van with Childers and that he drove from Brown's house when he heard noises. Although Mitchell denies that he entered the house, Brown testified that he observed two men inside.

Even if we characterize the evidence pointing to Mitchell's presence in the house as circumstantial, "Georgia law requires only that the proved facts exclude *reasonable* hypotheses that the crime could have been committed by someone else," and "[q]uestions of reasonableness are generally decided by the jury."[4] The jury obviously concluded that Mitchell, and not some unidentified third person, entered the house. And they were free to consider the evidence that Mitchell fled from the scene as evidence of his guilt.[5] Accordingly, the evidence presented was sufficient to authorize a rational trier of fact to find Mitchell guilty beyond a reasonable doubt.[6]

2. Mitchell also argues that the court erred in admitting his written statement because it failed to conduct a *Jackson-Denno* hearing to determine whether the statement was voluntarily given.

---

[4] (Emphasis in original.) *Hawkins v. State*, 249 Ga. App. 26, 27-28 (1) (546 SE2d 280) (2001).

[5] See id.

[6] See id.

However, Mitchell admits that he did not request a hearing, and the record reflects that he never objected to the admission of the statement or asserted that it was involuntary.[7] Given Mitchell's failure to challenge the admissibility of the statement, the trial court did not err in admitting it.[8]

*Judgment affirmed. Adams and Bernes, JJ., concur.*

DECIDED FEBRUARY 18, 2005.

*Hugh D. Ridgway III,* for appellant.

*Fredric D. Bright, District Attorney, Shelley S. Tice, Assistant District Attorney,* for appellee.

---

[7] In fact, Mitchell testified at trial that he freely and voluntarily gave the statement.

[8] See *Richardson v. State,* 265 Ga. App. 880, 882-883 (2) (595 SE2d 678) (2004).