A06A0451. STUDIEMEYER v. THE STATE.

(629 SE2d 593)

MILLER, Judge.

Following a jury trial, Larry Antonio Studiemeyer was convicted of one count of burglary. He appeals, challenging the sufficiency of the evidence, the trial court's jury charge regarding the inference of intent to commit burglary, the admissibility of his pre-trial identification by the victim, and the admissibility of the State's similar transactions evidence. Discerning no error, we affirm.

On appeal, we review the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys a presumption of innocence. An appellate court does not weigh the evidence or determine witness credibility. The standard is whether, based on the evidence presented, a rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Thomas v. State*, 256 Ga. App. 712 (569 SE2d 620) (2002).

So viewed, the evidence showed that Studiemeyer entered the victim's apartment through a broken window. When the victim returned home and confronted him, Studiemeyer fled. The victim later realized that he was missing his checkbook and reported to police that the checkbook was stolen in the burglary.

1. Studiemeyer contends that the evidence is insufficient to support his conviction. We disagree.

The offense of burglary occurs when a person "without authority and with the intent to commit a ... theft therein, ... enters or remains within the dwelling house of another. . . ." OCGA § 16-7-1 (a). The evidence is that Studiemeyer broke into the victim's apartment without authority. Even if the victim had not testified as to the missing checks, "[a]n intent to steal may be inferred when the

evidence shows an unlawful entry into the building of another where valuable goods are stored or kept inside." (Punctuation omitted.) *Jackson v. State*, 260 Ga. App. 848, 849 (1) (581 SE2d 382) (2003); *Brogdon v. State*, 220 Ga. App. 31, 35 (4) (467 SE2d 598) (1996), citing *Prothro v. State*, 186 Ga. App. 836 (368 SE2d 793) (1988). Moreover, while Studiemeyer denied the burglary upon a defense of alibi, "[t]he testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8; *Jones v. State*, 268 Ga. 12, 14, n. 3 (483 SE2d 871) (1997).

Since a rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt, Studiemeyer's challenge to the sufficiency of the evidence is without merit. *Johnson v. State*, 240 Ga. App. 131, 132 (522 SE2d 722) (1999).

2. Studiemeyer contends that the trial court erred in charging the jury that it could "infer" an intent to steal in the context of burglary, claiming that such charge was impermissibly burden shifting. We disagree.

As noted above, an intent to steal may be inferred in a case such as this. *Jackson*, 260 Ga. App. at 849 (1). Moreover, "a charge which is presented in terms of inferences which might be drawn by the jury, as opposed to legal presumptions, is not impermissibly burden shifting. [Cits.]" *Legg v. State*, 204 Ga. App. 356, 358 (2) (419 SE2d 151) (1992). That the trial court did no more than charge an inference to steal in this case, such charge was proper. *Jackson*, supra, 260 Ga. App. at 849 (1).

3. Studiemeyer claims that the trial court erred in admitting the victim's pre-trial identification of him. He argues that there was a substantial likelihood of misidentification in that the victim did not have a good opportunity to see the perpetrator at the scene and that two weeks elapsed between the burglary and his identification at the photographic lineup.

> We use a two-part test in determining whether evidence of pre-trial identification should be excluded: The threshold inquiry is whether the identification procedure was impermissibly suggestive. Only if it was need the court consider the second question: whether there was a very substantial likelihood of irreparable misidentification.

(Citation and punctuation omitted.) *Felder v. State*, 260 Ga. App. 27, 31 (6) (579 SE2d 28) (2003). We uphold the trial court's findings unless clearly erroneous. Id.

Here, there is no claim that the pre-trial identification was impermissibly suggestive. Accordingly, we need not reach Studiemeyer's claims as to the substantial likelihood of his misidentification.

*Felder*, supra, 260 Ga. App. at 31 (6). Even were it otherwise, however, we would find no fair risk of misidentification in that the victim had an ample opportunity to identify Studiemeyer when he confronted him in his apartment, recognized Studiemeyer immediately after being shown the photographic lineup only two weeks later, and had no difficulty identifying him in court.

4. Finally, Studiemeyer contends that the trial court erred in admitting the State's evidence of two similar transactions. We are unpersuaded.

(a) Under the second prong of *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991), Studiemeyer argues that the first of the similar transactions was inadmissible for lack of evidence that he committed the burglary since his admission to police at the scene was unwarned and the evidence of the transaction was otherwise hearsay. Id.

Here, the evidence of record was in conflict as to whether Studiemeyer was in custody when he made the complained of statement to police at the first of the similar transactions. However, it is uncontroverted that the statement was exculpatory, volunteered by Studiemeyer, and unprompted by police questioning.

Given the foregoing and without regard to whether Studiemeyer was in custody, we find that the trial court did not err in refusing to suppress the spontaneous statement. "The State is not required to show that *Miranda* warnings were given before introducing evidence of a custodial statement which was not obtained through interrogation but was volunteered by the suspect." (Citations and punctuation omitted.) *Collins v. State*, 267 Ga. App. 784, 788 (4) (600 SE2d 802) (2004); *Jones v. State*, 258 Ga. App. 229, 230 (573 SE2d 470) (2002).

Moreover, other evidence supported the burglary charge, since the woman whom Studiemeyer accused of lying testified on direct that she had seen him leaving the apartment in which the burglary took place through the back door and other testimony established that Studiemeyer had entered the residence without authority and that the residence contained the valuables of the owner. It follows that Studiemeyer's claim that the State's first similar transaction was inadmissible for lack of competent evidence cannot stand.

(b) Studiemeyer argues that the second similar transaction introduced by the State was inadmissible because it was not similar enough to the burglary of which he was convicted. Studiemeyer characterizes the State's second similar transaction as a mere criminal trespass. The record shows, however, that Studiemeyer pled guilty to burglary, not criminal trespass, as to this transaction. Moreover, the evidence as to the second transaction showed a burglary in which Studiemeyer gained entrance to the apartment through

a window as he did in this case and that he then took property belonging to the occupant.

In light of the foregoing, the trial court did not err in admitting the State's evidence of similar transactions. *Jones v. State*, 255 Ga. App. 609, 610 (565 SE2d 915) (2002).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED APRIL 12, 2006.

*J. M. Raffauf*, for appellant.

*Paul L. Howard, Jr., District Attorney, Stephany J. Lewis, Assistant District Attorney*, for appellee.