## A08A1374. SERMONS v. THE STATE.
### (669 SE2d 210)

BERNES, Judge.

A Lowndes County jury convicted Deshun Sermons of burglary. Sermons appeals, contending that the evidence was insufficient to sustain his conviction. For the reasons that follow, we affirm.

> On appeal, we review the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys a presumption of innocence. An appellate court does not weigh the evidence or determine witness credibility. The

---

standard is whether, based on the evidence presented, a rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(Citation omitted.) *Studiemeyer v. State*, 278 Ga. App. 756 (629 SE2d 593) (2006).

So viewed, the trial evidence showed that on May 30, 2007 at approximately 4:00 a.m., the victim and her three daughters were asleep in their residence when the victim was awakened by her dog's persistent barking at the back door. When the victim got out of bed to investigate the cause of her dog's alarm, she observed Sermons standing in the window. The victim grabbed a gun, called 911, and ran into the bedroom with her daughters. As the victim was speaking to the 911 operator on the telephone, she heard the knob to the back door "pop" open and observed Sermons standing in the living room where her big screen television, DVR, DVD player, radio, stereo, and speakers were located.

A police officer was immediately dispatched to the residence and when he arrived, he caught Sermons standing in the living room. Sermons was then arrested.

This evidence was sufficient to authorize Sermons's burglary conviction beyond a reasonable doubt. See OCGA § 16-7-1 (a);[1] *Jackson v. State*, 260 Ga. App. 848, 852 (5) (581 SE2d 382) (2003). Sermons was not entitled to an acquittal based upon his defense that he did not take any valuables from the residence and that he entered the residence because he was intoxicated and confused.

"Burglary does not require a completed theft, but merely the intent to commit a theft. The presence or lack of criminal intent is for the jury to decide based on the facts and circumstances proven at trial." *Wilson v. State*, 261 Ga. App. 576, 577 (1) (583 SE2d 243) (2003). "[A]n intent to steal may be inferred when the evidence shows an unlawful entry into the building of another where valuable goods are stored or kept inside." (Citations and punctuation omitted.) *Studiemeyer*, 278 Ga. App. at 756-757 (1). Here, the victim described the valuable goods located in the living room where Sermons was standing at the time of his apprehension. "[T]he fact that [Sermons] may have failed in accomplishing his apparent purpose does not render [the] finding of burglary improper." *Griffith v. State*, 286 Ga. App. 859, 861 (1) (650 SE2d 413) (2007); *Prothro v. State*, 186 Ga. App. 836, 837 (1) (368 SE2d 793) (1988).

---

[1] "A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another." OCGA § 16-7-1 (a).

Moreover, Sermons's voluntary intoxication did not excuse his criminal behavior. See OCGA § 16-3-4 (c); *Nash v. State*, 166 Ga. App. 533, 535 (1) (304 SE2d 727) (1983). Sermons failed to present a viable voluntary intoxication defense since there was no evidence that "the intoxication altered his brain functioning so as to negate intent and that the alteration was more than temporary." (Citation, punctuation and footnote omitted.) *Smith v. State*, 276 Ga. App. 41, 42 (622 SE2d 413) (2005). The jury was thus allowed to reject Sermons's denial of guilt. See id.; *Pruitt v. State*, 217 Ga. App. 681, 682 (1) (458 SE2d 696) (1995).

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 29, 2008.

*Meredith G. Brasher*, for appellant.
*J. David Miller, District Attorney, Laura A. Wood, Assistant District Attorney*, for appellee.