674 S.E.2d 107 (2009)
In the Interest of M.W., a child.
No. A08A2128.
Court of Appeals of Georgia.
February 20, 2009.
Mark J. Nathan, Savannah, for appellant.
Spencer Lawton Jr., District Attorney, Kimberly Rowden, Assistant District Attorney, for appellee.
SMITH, Presiding Judge.
The Juvenile Court of Chatham County adjudicated 17-year-old M.W. delinquent based upon an act that would have constituted the crime of burglary if committed by an adult. M.W. appeals, contending that the evidence was insufficient to support an adjudication of delinquency. We disagree and affirm.
In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged.
(Citation and punctuation omitted.) In the Interest of B.R., 289 Ga.App. 6, 656 S.E.2d 172 (2007). This court does not "resolve conflicts in the evidence or determine the credibility of the witnesses. Those issues are for the juvenile court to decide." (Citation and punctuation omitted.) Id.
Viewed in the light most favorable to the adjudication, the evidence shows that on October 31, 2007, at about 7:30 in the evening, the victim received a phone call from a neighbor. The neighbor told the victim, "They're *108 breaking in your house." When the victim arrived home at about 9:00 p.m., the police were dusting for fingerprints. An air conditioner had been removed from a window creating an opening, and the victim's home had been ransacked and several items stolen, including a safe that contained two firearms, pictures, jewelry, cash, checkbooks, a savings bond, a video player, and video games. Soon after, the victim's son, C.C., arrived home. An unidentified person told the victim who had burglarized her home, and around midnight the same night, she went to the nearby home of one of C.C.'s acquaintances, A.B., and asked to speak with his mother. The victim demanded that the stolen items be returned to her. The victim then heard what she believed was a gunshot. A.B.'s mother insisted that none of the stolen items were in her home and invited the victim and C.C. to take a look around the house. C.C. walked through the home and discovered one of the stolen guns in a closet. C.C. also discovered one of his mother's rings on a dresser in A.B.'s home. The victim called police back to her home and told an officer what she and her son had discovered.
C.C. testified that A.B. and the defendant, M.W., told him on a previous occasion that they were going to burglarize his home, and that if C.C. was in the home during the burglary, they would "hurt [him] or something." C.C. testified further that he did not take the threat seriously. He stated that A.B. would often joke about breaking into C.C.'s home, and that M.W. often discussed robbing someone or "doing a lick on somebody[.]" C.C. stated further that when he went to A.B.'s home to confront him about the burglary, he encountered J.Y., A.B.'s live-in girlfriend. When C.C. asked J.Y. about the stolen items, J.Y. told him "Go get you all's stuff. I ain't got nothing to do with it." Finally, C.C. testified that when he searched A.B.'s home, A.B. and M.W. were not present. He stated that about 15-20 minutes later, he observed A.B. and M.W. coming from opposite sides of the back of A.B.'s home.
A.B., who was offered "use immunity" by the State for his testimony,[1] stated that he, M.W., and M.W.'s cousin "Will," broke into the victim's home and took a safe containing two guns and other items. He stated that he and M.W. opened the safe and that M.W. took one of the guns inside it. A.B. testified further that he then walked to M.W.'s home before returning to his own home.
Following a hearing, the juvenile court found M.W. delinquent for the act of burglary, and ordered that he be committed to the Department of Juvenile Justice for two years and pay $300 in restitution.
In his sole enumeration of error, M.W. argues that he cannot be found delinquent on the uncorroborated testimony of an accomplice. It is true that "a defendant may not be convicted solely upon the uncorroborated testimony of an accomplice." In the Interest of S.K., 289 Ga.App. 672, 674(1), 658 S.E.2d 220 (2008), citing OCGA § 24-4-8. This rule also applies to juvenile proceedings. In the Interest of J.H.M., 202 Ga.App. 79, 80, 413 S.E.2d 515 (1991). But
although corroboration of the testimony by a single accomplice is necessary, that corroborating evidence itself need not be sufficient to warrant conviction, but need only tend to connect and identify defendant with the crime. The corroborating evidence may consist entirely of circumstantial evidence and may include defendant's conduct before and after the crime was committed. Whether the corroborating evidence is sufficient is a matter for the factfinder, and even slight evidence of corroboration connecting an accused to a crime is legally sufficient.
(Citations, punctuation and footnote omitted.) In the Interest of S.K., supra, 289 Ga.App. at 674(1), 658 S.E.2d 220.
Here, the testimony of A.B. was sufficiently corroborated by the testimony of C.C. who stated that some time prior to the burglary, M.W. told him that he was going to burglarize C.C.'s home and threatened physical harm to C.C. if he was present when the burglary occurred. M.W. often discussed robbing or "doing a lick on somebody[.]" C.C.'s testimony also established that a few *109 hours after the burglary, M.W. was present at A.B.'s home where some of the stolen items were found. This evidence showing M.W.'s conduct before and after the burglary was slight but sufficient evidence of corroboration connecting M.W. to the crime. See Raines v. State, 186 Ga.App. 239, 240-241(2), 366 S.E.2d 841 (1988) (accomplice's testimony was corroborated by defendant's brother who testified he was present when appellant and accomplice discussed plan to traffic drugs); In the Interest of F.J., 163 Ga.App. 411, 412(1), 294 S.E.2d 630 (1982) (accomplice's testimony was sufficiently corroborated by appellant's admission to another that he committed burglary and appellant's presence near scene of burglary). The evidence presented at the hearing was therefore sufficient to support the juvenile court's adjudication of M.W. as delinquent. See OCGA § 16-7-1(a) (burglary).
Judgment affirmed.
MIKELL and ADAMS, JJ., concur.
NOTES
[1] See OCGA § 24-9-28.