714 S.E.2d 69 (2011)
310 Ga. App. 482
In the Interest of T.C., a child.
No. A11A1092.
Court of Appeals of Georgia.
July 1, 2011.
*70 Samantha M. Edwards, for appellant.
J. David Miller, Dist. Atty., Laura Anderson Wood, Asst. Dist. Atty., for appellee.
MIKELL, Judge.
T.C. was accused by a petition filed in Lowndes County Juvenile Court of the offense of burglary in that, on or about October 7, 2010, he "did, without authority and with the intent to commit a theft therein, enter the residence belonging to Herman Davis and damaged property in said residence."[1] T.C. was adjudicated delinquent for such offense. He appeals, contending that the state failed to prove intent and, thus, that the evidence was insufficient to support the juvenile court's adjudication. We disagree and affirm.
In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged.[2]
So construed, the evidence shows that a residence owned by Davis was broken into and vandalized on October 7, 2010. No one resided in the home at the time. Davis testified that the home was full of furniture but did not contain any electronics, such as televisions, because those had been stolen a year earlier when the home had been broken into the first time. Davis testified that boxes of his aunt's personal items had been "thrown all to pieces" in a utility room. He had not been able to determine by the time of trial whether any items had been stolen. Sheriff's investigator Roy Hart testified that a sofa was slashed, windows were broken, a door frame was busted, and gang-related graffiti was spray painted onto a shed. According to Hart, a neighbor saw T.C. and two other juveniles running from the residence after the burglary. The juveniles admitted entering the home, and they both implicated T.C. in the crime.
T.C. argues that the state failed to show the requisite intent to commit theft because there was no evidence that any items were stolen. "Burglary does not require a completed theft, but merely the intent to commit a theft."[3] "The intention with which an act is done is peculiarly for the jury or finder of fact. . . . Intent, which is a mental attitude, is commonly detectable only inferentially, and the law accommodates this."[4] "[A]n intent to steal may be inferred when the evidence shows an unlawful entry into the building of another where valuable goods are stored or kept inside."[5] Here, the victim described the valuable furnishings located throughout the residence. The evidence that *71 boxes had been ransacked, and that the home was devoid of electronics, authorized the juvenile court, sitting as the trier of fact, to infer that T.C. entered the residence with the intent to commit a theft but found nothing he wished to take. "The fact that [T.C.] may have failed in accomplishing his apparent purpose does not render the finding of burglary improper."[6] The evidence adduced at trial was sufficient to enable a rational trier of fact to find the essential elements of burglary beyond a reasonable doubt.[7]
Judgment affirmed.
SMITH, P.J., and DILLARD, J., concur.
NOTES
[1] See OCGA § 16-7-1(a): "A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another."
[2] (Citation omitted.) In the Interest of M.W., 296 Ga.App. 248, 674 S.E.2d 107 (2009).
[3] (Citation omitted.) Wilson v. State, 261 Ga. App. 576, 577(1), 583 S.E.2d 243 (2003).
[4] Climpson v. State, 253 Ga.App. 485, 486(1), 559 S.E.2d 495 (2002), citing In the Interest of G.J., 251 Ga.App. 299-300, 554 S.E.2d 269 (2001).
[5] (Citations and punctuation omitted.) Studiemeyer v. State, 278 Ga.App. 756-757(1), 629 S.E.2d 593 (2006).
[6] (Citations and punctuation omitted.) Sermons v. State, 294 Ga.App. 293, 294, 669 S.E.2d 210 (2008).
[7] Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).