721 S.E.2d 628 (2011)
313 Ga. App. 416
In the Interest of R.H., a child.
No. A11A1915.
Court of Appeals of Georgia.
December 20, 2011.
*629 Alice Andrea Button, for appellant.
Fredric Daniel Bright, Dist. Atty., Johnathan C. Gaskin, Joseph Mark McKinnon, Asst. Dist. Attys., for appellee.
MILLER, Presiding Judge.
A juvenile court adjudicated R.H. delinquent for committing acts that would, if he were an adult, amount to burglary in violation of OCGA § 16-7-1. R.H. contends on appeal that the evidence was insufficient to sustain his adjudication of delinquency. We disagree and affirm the judgment below.
To prove that a juvenile is delinquent for committing acts of a criminal nature, the State must prove the commission of these acts beyond a reasonable doubt, just as it would in a criminal prosecution of an adult for the same acts. So, when a juvenile challenges the sufficiency of the evidence, *630 we apply the standard set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and we consider whether the evidence adduced at the hearing would permit a rational trier of fact to conclude beyond a reasonable doubt that the juvenile committed the acts with which he is charged. In considering the sufficiency of the evidence, we view the evidence in the light most favorable to the adjudication below, keeping in mind that it is for the trier of fact, not this Court, to weigh this evidence, resolve any conflicts in the evidence, and assess the credibility of witnesses.
(Citations and punctuation omitted.) In the Interest of H.A., 311 Ga.App. 660, 661, 716 S.E.2d 768 (2011).
So viewed, the evidence shows that on the morning of November 15, 2010, the victim's neighbor observed R.H., who was accompanied by another juvenile, knocking on the back door of the victim's residence. She witnessed R.H. tampering with the victim's door, open it a crack, and then close it. The victim was not at home. Although the neighbor did not see either of the juveniles enter the victim's residence at that point in time, she left her home to run errands shortly thereafter. She returned home several hours later, at which time she became aware that someone had broken into the victim's residence.
Later that same day, the neighbor called the police to report the suspicious activity in the neighborhood. Upon the responding officers' arrival at the scene, the police obtained from the neighbor a description of the activity and the juveniles, and then entered the victim's residence to photograph the interior of the home. The residence was open even though the victim had locked her door before she left for work in the morning and had not yet returned home. The next day, the victim reported to the police that an envelope containing $450, three DVD movies, and two video games were missing from her home. She also reported that her gaming system and other video games had been disturbed, and a portion of a cigar was lying on a counter in her home. At his delinquency hearing, R.H. admitted that he had knocked on the victim's door, "cracked it a little bit," screamed the name of the victim's boyfriend, and sat on the porch for awhile. The evidence revealed that the juveniles had wanted to see if the neighbor's boyfriend was home so that they could play the neighbor's video games, as they had done in the past.
"A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another...." (Punctuation omitted.) OCGA § 16-7-1(a).
R.H. argues that there was insufficient evidence of unauthorized entry into the victim's residence. His argument is without merit. The evidence shows that R.H. was at the victim's residence and was seen tampering with, and opening, the back door of the home. In addition, the victim testified that neither she nor her resident boyfriend gave R.H. permission to enter her residence on November 15, 2010, or to otherwise enter her residence when they were not there. Although R.H. focuses on the absence of testimony from the victim's resident boyfriend, the testimony of the victim herself, as the property owner, was sufficient to show that R.H.'s entry was without authority. Cf. Davis v. State, 308 Ga.App. 7, 11(1)(a)(ii), 706 S.E.2d 710 (2011) (holding that tenant's testimony was sufficient, without testimony of property owner, to show that defendant's entry was without authority); Webster v. State, 157 Ga.App. 813, 278 S.E.2d 714 (1981) (holding that the evidence was sufficient to establish entry was made without authority where one of three trustees, all of whom were legally entitled to withhold permission to enter burglarized church, testified that defendants did not have permission to enter church at time and date of burglary or to remove property therefrom). Accordingly, the evidence in this case was sufficient to enable the juvenile court to conclude that R.H. unlawfully entered the victim's home.
R.H. also contends that there was insufficient evidence of intent to commit burglary. Indeed, "mere illegal entry alone does not satisfy all the elements of the crime of burglary; some evidence must also exist of an intent to commit a felony or, as in this case, a theft, separate and distinct from the unauthorized entry." (Citation omitted.) *631 Westmoreland v. State, 281 Ga.App. 497, 499(2), 636 S.E.2d 692 (2006). "An intent to steal may be inferred when the evidence shows an unlawful entry into the building of another where valuable goods are stored or kept inside." (Punctuation and footnote omitted.) In the Interest of T.C., 310 Ga. App. 482, 483, 714 S.E.2d 69 (2011). Here, the victim described valuable items that were missing from her residence, including $450 in cash, three DVD movies, and two video games. She also reported that her gaming system and video games had been disturbed. Moreover, R.H. was aware that items of value, specifically including the video games, were located inside the neighbor's residence. This evidence authorized the juvenile court, sitting as the trier of fact, to infer that R.H. entered the residence with the intent to commit a theft. Cf. id. ("The evidence that boxes had been ransacked, and that the [victim's] home was devoid of electronics, authorized the juvenile court, sitting as the trier of fact, to infer that [the juvenile] entered the residence with the intent to commit a theft but found nothing he wished to take.").
Finally, R.H. argues that the inconsistent verdicts between R.H. and the other juvenile, whose burglary charge was dismissed, show that there was a failure of proof of evidence as to both juveniles. R.H.'s argument is unavailing. Contrary to R.H.'s assertion otherwise, the evidence against R.H. was not the same as that against the other juvenile. Notably, it was R.H., and not the other juvenile, who was seen tampering with and opening the door of the victim's residence; the other juvenile, however, was only seen walking away from the victim's residence and in the direction of his own home.
In sum, the evidence adduced at the delinquency hearing was sufficient to enable a rational trier of fact to find the essential elements of burglary beyond a reasonable doubt.
Judgment affirmed.
ELLINGTON and DOYLE, JJ., concur.